### LEVI COLBY JR. *v.* LEVI COLBY.

#### *Construction of deed.*

A father deeded to his son, as a compensation for his services, a piece of land, with a condition in the deed that the grantor was to have the use and improvement of the premises during his life, if he should have occasion therefor, and should choose to use them *Held*, that the grantor retained a life estate in the premises which was extinguishable only by deed; and which, after a voluntary surrender of the possession of the premises to his son, but without any writing, he could again avail himself of, whenever he chose.

THE nature of the action originally brought, does not appear in any of the papers furnished to the reporter. The case was referred, and the referees reported the following facts.

THE plaintiff became of age March 14, 1824, and soon thereafter agreed to go to work for his father, the defendant, and take his pay in land. No time was specified and no price was agreed upon. The plaintiff labored for the defendant till 1836, when, having

Colby *v.* Colby.

intimated his desire for some security for his services, the defendant executed and lodged in the town clerk's office in Berlin, a deed to the plaintiff of one hundred acres of defendant's farm, and gave notice thereof to the plaintiff. The deed was a deed of warranty in common form, with a proviso therein in the following words : " provided, nevertheless, and it is the express condition of this deed, that I am to have the use and improvement of the premises during my life, if I have occasion therefor, and shall choose to do so." No settlement was made by the parties, and no valuation was fixed to the land so conveyed. In 1840 the defendant sold out that portion of his farm upon which he lived, erected a house, barn, and out-buildings upon the land which he had deeded to the plaintiff, and commenced living thereon. The plaintiff continued to labor for the defendant and assist in carrying on the farm, without any other contract than the arrangement entered into in 1824, and without any settlement in relation to the same, until 1847, when the defendant told the plaintiff, that he, the defendant, had become too aged to carry on the farm, and that he, the plaintiff, must take it and carry it on ; and thereupon the defendant yielded up the control and management of the farm, together with all the stock, hay, grain, provisions, wood &c.,.to the plaintiff, who has had the sole control, management and use of the same ever since. The land and such portion of the personal property as were liable to taxation were set in the plaintiff's list in the spring of 1847, and such has been the case with all the taxable property on the farm ever since. The defendant and his wife, (the father and mother of the plaintiff) continued to reside in the family, and were supported by the plaintiff, they doing such light work and chores as their age and infirmities admitted, and as they chose to do, until May, 1854, when, some difficulty having arisen in the family, the defendant left and claimed a settlement with the plaintiff. The referees further reported, that if the court were of opinion from the facts found and detailed as above, that the defendant had not surrendered his life estate in the land deeded by him to the plaintiff in 1836, and had still a right of re-entry thereon, they found due to the plaintiff from the defendant, to settle all matters in controversy between them, the sum of five hundred and twenty-three dollars ; but that if the court should be of opinion from the foregoing facts,

that the defendant had surrendered his life estate in said premises, and had no right to resume the possession and use of the same, they then found due from the defendant to the plaintiff, to settle all matters in controversy between them, the sum of two hundred and three dollars. Upon this report the county court, March Term, 1855,—POLAND, J., presiding,—rendered judgment for the plaintiff to recover the largest sum reported.

Exceptions by both parties.

*Merrill & Willard* for the plaintiff.

We claim one of three constructions for this deed. 1. An estate which depended upon the election of the defendant, without any provision that the *election* should be expressed in writing. 2. A life estate which might determine upon the contingency of the defendant's choice or election, or, 3. An estate at the will of the defendant, which could be determined or surrendered without a deed. Cruise vol. 1, p. 259.

If it was either of these we submit that the defendant had no longer any estate under the deed.

1. The referees find that he has made his election—held the estate as long as he chose, and given it up. He is estopped now from making another election to the prejudice of the plaintiff, who has made investment upon the faith of the surrender.

2. If the second construction is taken, the contingency has happened, and the estate is determined by its terms.

3. If it be treated as an estate at will, it has been surrendered, and cannot be resumed.

*Heaton & Reed* for the defendant.

I. The effect of the deed of Levi Colby to his son, is to give the father a life estate, and the son a fee after this estate for life. 4 Kent 25 ; 2 Bacon's Abr. 559; 1 Cruise 105–6; *Gorham v. Daniels*, 23 Vt. 600 ; and to divest this estate of the father, a surrender or its equivalent is required. 4. Cruise 92 § 1 and 2.

II. The defendant intended no surrender of his estate by what transpired in April, 1847. There was no such contract between the parties, and no consideration for any. This transaction has no reference to the deed. It was not alluded to or thought of.

III. A surrender, as well as any other divestment of title, to be valid, must be in writing. Comp. Stat. 389 § 1, 387 § 24. 4 Kent 103–92. 4 Cruise 93, § 5 and 6.

The opinion of the court was delivered by

REDFIELD, CH. J.   The only question made in the present case is in regard to the estate which remained in the defendant after his deed to the plaintiff of the one hundred acres.   We think it must be regarded as a life estate, which he could use at any time when he chose, and that the right to use it was intended to continue through life, as a security for his maintenance.   This is the only reasonable construction to be put upon the terms of the deed, when viewed in connection with the purpose of the conveyance, and the situation of the parties.

The surrender of the control of the farm, and the stock, and the business, is certainly not sufficient to extinguish the defendant's right in the land.   That could only be done by deed, executed in the form prescribed in the statute.   The statute in terms extends to the surrender of an estate, which in strictness only applies to a life estate, or some lesser estate, conveyed to him who is the owner of the fee in reversion.

But the referees have not found that it was the defendant's intention to surrender and extinguish his life estate, and we are satisfied that what transpired is quite consistent, perhaps more consistent with the purpose of retaining than surrendering it.   It is, indeed, one of the cases which shows the wisdom of requiring the conveyance of land, to be by a solemn and formal instrument.

Judgment affirmed.