VIRGIL H. COLLINS, ADMINISTRATOR OF RANSOM PALMER, v.
BRYAN LAVELLE.

*Deed. · Intent.   Construction.*

Deeds must be construed upon the view and comparison of the whole instrument with a view to give every part of it meaning and effect.

The intent, when apparent and not repugnant to any rule of law, will control technical terms; for the intent and not the words is the essence of every agreement.

*Colby* v. *Colby*, 28 Vt., 10, and *Flagg, Admr.*, v. *Eames et al.*, 40 Vt., 16, referred to and approved, and *held*, that the condition of the deed in this case was such that the title was not to take effect in the grantee unless he should outlive the grantor.

THIS was an action of ejectment to recover one undivided third of about 150 acres of land in the town of Richmond. Plea, the general issue, and trial by jury.

The plaintiff put in evidence a warranty deed, in the usual form, of the premises in question, from Thomas Palmer to Ransom Palmer, with the following condition thereunder written above

the signature : " Provided nevertheless and it is hereby further understood that this deed is to be upon the following conditions, (viz.) : 1st. — The .said Thomas Palmer is to have and occupy the aforesaid granted premises during his natural life.

" And provided further, that if the said Ransom Palmer shall continue to live on and carry on with the said Thomas the farm where they now live, as they have done — that is to say, the said Ransom receiving one quarter of the products of the said farm so long as the said Thomas is able and chooses to labor as he now does ; and when the said Thomas shall become unable to labor or shall choose to give up labor, if the said Ransom shall carry on the farm in a good, husband-like manner during the life of the said Thomas, receiving therefor one half of the products of said farm, each party furnishing one half of all seed necessary for the use of said farm — and if the said Ransom shall outlive the said Thomas, then this deed to be and remain in full force and virtue ; and also if the said Thomas shall forbid or use undue means to prevent the said Ransom from quietly carrying on the premises aforesaid, then this deed to be in full force and virtue.

" Otherwise, on violation of any of the aforesaid conditions, to be null and void and of no effect. It is further understood that the lot of land on which the said Thomas' house stands and the piece of land the said Ransom heretofore owned are not to be considered in this instrument."

The plaintiff also introduced evidence tending to show that Ransom Palmer, aforesaid, was the son of Thomas Palmer ; that he became of age in the year 1845 ; that he re- mained at home, and worked for his father, until April first, 1848, when he took the deed above described, and that he entered under the deed, and occupied and worked on the land therein described, in common with his father, — the son receiving one quarter of the products of the land — and so continued till May 22d, 1858, when he died.

It also appeared from the plaintiff's evidence, that the said Ran- som was sick for about two years next previous to his death, and that during his sickness he hired men at different times to do his share of the work on the land with his father.

The evidence on the part of the plaintiff further showed that, after Ransom Palmer's death, Thomas Palmer — with the exception of a small amount of work done by the father-in-law of Ransom Palmer, immediately after his (Ransom's) death—solely carried on the whole 150 acres of land in question, and continued in the sole possession and management of it until his death, which took place in August, 1859; that it then passed into the sole possession of his executors, by whom it was duly disposed of in the settlement of his estate, and that by a regular chain of title from them, the title and possession thereof have come to the defendant, who was in possession when this suit was brought, and at the time of trial.

The defendant, without offering any evidence, claimed that on the evidence offered by the plaintiff, the deed from Thomas Palmer to Ransom Palmer was defeated by the fact that the former outlived the latter, as above detailed, and asked the court to direct a verdict for the defendant.

The court, — at the April term, 1870, PIERPOINT, Ch. J., presiding — pro forma, held that the plaintiff, on his evidence, was not entitled to recover, and directed a verdict for the defendant: to which the plaintiff excepted.

E. R. Hard and ——— Kennedy, for the plaintiff.

Upon the case stated in the exceptions, the court was not warranted in directing a verdict for the defendant. 1. The provisions contained in the deed respecting the occupation and management of the farm, the survivorship of Ransom Palmer, etc., are conditions subsequent. 1 Wash. R. P., 445. 2. Such conditions are to be construed strictly against the party claiming the benefit of them. 1 Wash. R. P., 447. 3 If the condition relative to Ransom's outliving the grantor — being the only one claimed to have been broken — was not void from the outset, its performance became impossible by the act of Providence, which removed Ransom from life; and the performance of the condition was thereby excused. 2 Cruise R. P., 37, note; 1 Wash. R. P., 447, 453; Merrill v. Emery, 10 Pick., 507. 4. If the death of Ransom Palmer was such a breach of condition as would work a forfeiture of the estate conveyed by the deed, such forfeiture could be

made available only by a re-entry for condition broken, by the grantor or his heirs. This right of entry cannot be aliened or assigned. 1 Wash. R. P., 451; 2 Cruise R. P., 32, 33; *Chalker* v. *Chalker*, 1 Conn., 79; *Sperry* v. *Sperry*, 8 N. H., 477. 5. To complete the forfeiture — if there was one in the present case — and revest the title in Thomas Palmer, it was necessary that he should — after the death of Ransom — have given notice to Ransom's representatives, that a forfeiture was claimed; or at least that Thomas should have asserted such claim in such an open and public manner, that the representatives of Ransom would be presumed to have known of the claim. 2 Cruise R. P., 33, note, 37, note; *Willard* v. *Henry*, 2 N. H., 120; *Sperry* v. *Sperry*, *supra*; *Stone* v. *Ellis*, 9 Cush., 95. 6. A forfeiture may be waived by any words or conduct of the party entitled to claim it, which indicate such an intention; and in some cases even where the intent to waive it does not, in fact, exist. 1 Wash. R. P., 454; *Willard* v. *Henry*, *supra*; *Sperry* v. *Sperry*, *supra*.

*W. G. Shaw*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. In *Jackson* v. *Myers*, 3 Johns., 383, KENT, Ch. J., used this language: " The intent, when apparent and not repugnant to any rule of law, will control technical terms; for the intent, and not the words, is the essence of every agreement. In the exposition of deeds, the construction must be upon the view and comparison of the whole instrument, and with a view to give every part of it meaning and effect." The idea thus expressed is adopted and carried into effect in the case of *Flagg, adm'r.*, v. *Eames et al.*, 40 Vt., 16; and in the opinion drawn up by Judge KELLOGG, the whole subject is discussed with great fullness and ample learning. In *Colby* v. *Colby*, 28 Vt., 10, there had been a practical application of the same doctrine, and to the same effect.

Regarding the true view of the law to be well settled by the cases above cited, we have in the present case but to make application of it, and educe the just result as between the parties.

It seems to us that the intent of both parties is clearly manifested by the instrument, and that such intent is not repugnant to any rule of law.

Two leading objects seem to have been in view, viz. : 1st — To secure such help to the father in carrying on the land as he might need, with a current compensation to the son for so doing in the share he was to have of the products; and 2d — To give the property named in the deed to the son, in case he survived the father — having complied with the condition as to helping do the work on the farm.

But by the express provision of the deed, the title was not to take effect in the son unless he should outlive the father. The language is significant and explicit :

" Provided, nevertheless, and it is hereby further understood, that this deed is to be upon the following conditions, viz.: * * * (see the provision of the deed, *supra*,) then this deed to be and remain," &c.

In view of the instrument, there is little occasion to go into the learning of conditions precedent and subsequent.

Judgment affirmed.