## Jackson, ex dem. *vs.* Ireland.

This was an action of ejectment, tried at the Rensselaer
circuit, in July, 1828, before the Hon. William A. Duer,
one of the circuit judges.

The plaintiff claimed to recover a moiety of 75 acres of
land. He shewed a mortgage, executed by John Ireland, of
a moiety of the 75 acres, bearing date the 8th April, 1825,
a foreclosure of the same, and a purchase by and a convey-
ance to the lessor of the mortgaged premises ; and after

<div style="float:right; width:40%">Where a deed of a tract of land to three grantees re- cites a will de- vising the same land to one of the grantees during widow- hood, and the remainder in fee to the oth- ers ; declares its object to be</div>

to carry into effect the intention of the testator ; and then grants the premises to the three
persons in fee, " *Habendum* to them, their heirs and assigns, in the manner mentioned in the
said will," the *habendum* is not inconsistent with, and will control the premises.

Although the testater, at the time of the making of the will, had no legal estate in the
premises, the grantees in the deed, and those claiming under them, *estopped* from setting up
any title inconsistent with that conveyed thereby.

shewing John Ireland in possession, against whom the suit was originally commenced and a judgment by default entered, rested his cause; the present defendant, Sarah Ireland, having been admitted to defend as landlady.

The defendant proved that her husband, Thomas Ireland, died in 1811, in possession of the 75 acres of land, having resided upon the same for many years, under an agreement with the corporation of Albany, to whom the land originally belonged; that at the time of his death, he left the defendant, his widow, and several children in possession. The will of Thomas Ireland, bearing date the 23d November, 1811, was read in evidence; by it the testator devised his homestead farm unto his wife Sarah during her widowhood, and the remainder in fee to his two sons, John and James, charging them with the payment of legacies to his other children. The defendant produced in evidence a deed of the 75 acres of land from the corporation of the city of Albany to Sarah Ireland, John Ireland and James Ireland, bearing date the 10th March, 1817; whereby, after reciting a purchase of the land by Thomas Ireland, in 1807, of the corporation and the devise of his property by will as above metioned, the deed proceeds to state, that "in order to carry into effect the intention of the said Thomas Ireland as contained in his said last will and testament," and in consideration of $1000 paid, the corporation had remised, released and quit-claimed, and thereby did remise, &c. unto the "parties of the second part, and to their heirs and assigns forever," the said 75 acres. "To have and to hold the same to the said parties of the second part, their heirs and assigns, in the manner mentioned in the said last will and testament of Thomas Ireland, deceased." The defendant further proved that Thomas Ireland, in his life time, entered into a contract with the corporation of Albany for the purchase of the premises conveyed by the deed; that, failing in the payment of the stipulated price, he was sued on the contract, which suit was pending at the time of his death. Upon this evidence, a verdict was taken for the plaintiff, subject to the opinion of this court.

*S. A. Foot*, for plaintiff. The deed from the corporation of Albany vests a title in fee to the 75 acres in the grantees as tenants in common; and the lessor of the plaintiff having acquired the interest of John Ireland, one of the grantees, is entitled to recover one third of the premises, unless the *habendum* clause in the deed from the corporation shall be considered as controlling the premises or granting words, which it is conceived it cannot do. The rule is inflexible that an *habendum* cannot stand which is repugnant to the estate granted in the *premises*. The *habendum* is allowed to stand when it is consistent, but not when it is incongruous with the premises. (3 Cruise, 430, tit. 32, Devise, ch. 23, sect. 43. 4 id. 433, tit. Deed, ch. 23, sect. 51, 52.)

*R. Bogardus*, for defendant. The *habendum* may lessen, enlarge, explain or qualify the estate granted; and such is its operation here. It is not inconsistent with the premises. The deed recites the will, and intends to give effect to it by declaring that the grantees shall hold in the same manner as they would have under the will. The lessor of the plaintiff, claiming under one of the grantees, is *estopped* by the deed from denying the right of the defendant to hold in conformity to the devise.

*Foot*, in reply. The will can have no operation, as the testator had no estate which he could devise. He had not even a right of entry. All he could claim was a mere equity. (6 Cruise, tit. 38, Devise, ch. 3 § 26, 27, 28.) The lessor of the plaintiff was a *bona fide* purchaser under a mortgage sale, and is not estopped.

*By the Court*, SUTHERLAND, J. The *habendum* clause in the deed from the corporation of Albany to John, James and Sarah Ireland, is not inconsistent with the *premises* or granting part. The deed recites the will, and the object of all the parties was to give effect to it by means of this conveyance. The legal effect of the deed is the same as though the *habendum* clause, instead of saying, "To have and to hold to the said parties, in the same manner, mentioned in the last will and testament of Thomas Ireland, deceased," had, without any

UTICA,
August, 1829.

Jackson.
v.
Ireland.

UTICA,
August, 1829.

Utica Ins. Co.
v.
Badger.

reference to the will, given the estate to the defendant *during her widowhood*, and the remainder to the two sons in fee. There can be no question that the estate granted may be thus designated and made certain in the *habendum* clause. It enlarges and explains, but is not inconsistent with the previous part of the instrument. (3 Cruise, 430, 4 Cruise, 433, and 6 Cruise, tit. 38, Devise, ch. 3, sect. 26, 27, 28.) No doubt the premises in a deed must control when the *habendum* clause is inconsistent with it.

Admitting the devise to have been inoperative for want of a legal estate in the testator, the grantees in the deed from the corporation, and those claiming under them, are estopped from setting up any title inconsistent with that conveyed by that instrument. The defendant, therefore, has the exclusive right to the possession of the premises in question during her widowhood; and the lessor of the plaintiff, who claims under a mortgage given by one of the sons, cannot recover.

Judgment for the defendant.