### ANN SMITH *v.* SARAH A. HANKINS ET AL.

A. conveyed to his son B. (who was the husband of the plaintiff) and his heirs a house and lot, "to have and to hold the same to the said B. during his natural life, and after his death to his heirs forever; provided that if the said B. should die without children, then the property was to revert to and vest in the heirs of A., the grantor herein." B. had seven children, but survived them all, and also survived his father A.

*Held*, that B. took under said deed but a life estate, with a remainder in fee to his issue, subject to the condition that if he died without issue living at his death, the estate should revert to the heirs of A., and that on the death of B., the plaintiff, his widow, took no estate from her husband, either as heir or as widow.

*J. R. Von Seggern* and *King, Thompson & Avery*, for plaintiff.

*S. S. Carpenter* and *Jordan, Jordan & Williams*, for defendants.

TAFT, J. This suit was brought to recover real estate. The plaintiff is widow of Thomas B. Smith, deceased, who was the son of John Smith, late of Cincinnati, deceased, and the defendants are the children and heirs of said John Smith. The question of title turns principally upon the construction of a deed of John Smith to his son, Thomas B. Smith, made May 9, 1850, whereby, in consideration of $1,625 to him paid, and in further consideration of natural love and affection, "John Smith sold, granted, and conveyed unto the said *Thomas B. Smith and his heirs* the following described real estate" [describing it], "to have and to hold the same to the said Thomas B. Smith during his natural life, and after his death to his heirs forever; provided that if the said Thomas B. Smith shall die without children, then and in that event the property hereby conveyed is to revert to and vest in the heirs of the said John B. Smith, the grantor herein." Thomas B. Smith had seven children, but they all died in his lifetime, so that he died without children. *Parrish* v. *Ferris*, 6 Ohio St. 563; *Niles* v. *Gray*, 12 Ohio St. 320.

For the plaintiff, it is claimed that the deed conveyed to Thomas B. Smith a fee-simple estate. It is not denied that the *habendum* clause and the condition limit the interest to a life estate, or to a qualified fee, liable to terminate on the death of Thomas B. Smith. But it is claimed that the granting clause gives a fee, and that the *habendum* clause is repugnant to it, and must be rejected; and that on the death of Thomas B. Smith without children, the plaintiff, as his wife, inherited the fee, under the statute law of Ohio.

The defendants, on the contrary, claim that this deed is to be considered as a whole, in order to ascertain what was the intention of the grantor. And that, taking it up by the four corners, it appears that the grantor intended to convey only a life estate, or else a fee simple, determinable on the death of Thomas B. Smith without children, so that

when Thomas B. Smith died the estate passed by this deed directly to the issue of John Smith.

We think the construction claimed by the plaintiff can not be sustained. We are satisfied that the grantor intended either to limit the estate to the natural life of the grantee, remainder to his children, or to give him a fee, qualified with the condition that if he died without issue, the fee should go to the heirs or issue of John Smith. It may not be material to the issues in this case which of these two last-mentioned constructions we put upon this deed. Nevertheless, we incline to the opinion that the grantor intended a life estate only to Thomas B. Smith, with remainder in fee to his issue, and if he should die without issue, a reversion to the heirs of John Smith, the grantor. As John Smith died before Thomas B. Smith, we are not embarrassed with the question, who were the heirs of John Smith while living. But if that question were to be decided, we think that the obvious intention of the grantor was that the estate should revert to such issue of John Smith as should be alive when Thomas B. Smith should die without issue living. The subsequent conveyances and the will of Thomas B. Smith were not such as to give the plaintiff any title. They concerned only the interest conveyed by the original deed from John to Thomas B. Smith. But the transactions subsequent to the original deed are all better explained by the theory of a life estate than by that of an absolute fee simple in Thomas B. Smith.

We find no such repugnancy between the granting and the *habendum* clause as to justify us in rejecting the latter, or between the granting clause and the condition, as to warrant our rejecting the condition. It was not unusual in early cases to sustain a restriction by the *habendum* of the fee simple, expressed in the granting clause, to a fee tail; and nothing was more common than to qualify the term heirs in the granting clause, by a condition that, if the

grantee should die without issue, there should be remainder over to some other devisee.

We see no reason why the term "heirs" in the present case might not be explained in the *habendum* and condition which followed, so as to show that the grantee took but a life estate. Such, we think, is the effect of the language used.

The granting clause gives a general description of what was intended as a conveyance of the property to Thomas B. and his heirs. This was explained to mean that he gave to Thomas B. a life estate, and to Thomas B.'s heirs a fee; but if he should have no lineal heirs surviving him, the estate should revert to the surviving issue of John Smith, the grantor.

Taking the whole instrument together, we are satisfied that this was the intention, and we find no rule of law, or decisions of the courts, to prevent our carrying out that intention. *Roberts* v. *Dust*, 4 Ohio St. 502, 505; *McCoy* v. *Bixby*, 6 Ohio, 310–313; *Ewing* v. *Burnet*, 11 Pa. 41; 2 Greenl. Cruise, tit. 37, ch. 20, p. 297; *Parkhurst* v. *Smith*, Willes, 332, 333; *Wolf* v. *Scarboro*, 2 Ohio St. 361; *King* v. *Beck*, 15 Ohio, 564; Fearne on Const. Rem. 373; *Deering* v. *Longwharf*, 25 Me. 51; *Jackson* v. *Ireland*, 3 Wend. 99; *Prior* v. *Quackenbush*, 29 Ind. 475.

If, however, we were wrong in holding that the estate of Thomas B. was a life estate only, it is clear to our minds that it was qualified as a fee, by the condition that if he should die without children, the property should revert to the heirs of John Smith, the grantor; so that when Thomas B. died without issue living, the estate went, by the limitation in the deed, to the issue of John Smith, and left nothing to the plaintiff by way of inheritance or of dower.