CARSON ET AL. *v.* McCASLIN.

CONVEYANCE.—*Conditional Estate.*—*Action to Quiet Title.*—*Descents.*—*Husband and Wife.*— *Will.*—Certain real estate was conveyed to a husband, "his heirs and assigns forever, * * * to be held by" him "during his natural life, and to" his wife, "if she be living at" his death, "and to her heirs and assigns, in fee-simple; and, if she be not living at" his death, "then to the heirs of the" husband "forever." The husband having devised the same to his wife, and to his children by her, died first, and then the wife, whereupon the children of such marriage brought an action against her children by another marriage, claiming the whole of such real estate.

*Held,* that the husband took an estate which terminated on his death leaving his wife surviving him; that thereupon the whole estate vested in her, and that, on her death, intestate, the real estate descended equally to her children by both marriages.

*Held,* also, that, had the husband survived the wife, the whole estate would have vested in him.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellants.

*S. P. Oyler*, for appellee.

WORDEN, J.—Complaint by the appellee, against the appellants, alleging that the plaintiff was the sole and exclusive owner of certain described real estate, and that the defendants set up a claim to a portion thereof, which operates as a cloud upon the plaintiff's title.

Prayer, that the plaintiff's title be quieted.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception. The defendants electing to stand upon their demurrer, final judgment was rendered for the plaintiff.

The following facts appear by the complaint:

The plaintiff is the son of Hervey McCaslin and Sarah P. McCaslin, his wife, both of whom are now deceased. The defendants John Carson, James Carson and Mary J. Jeffrey, are the children of Sarah P. McCaslin, as we suppose, by a former husband.

The land in controversy was conveyed by Joseph S. Abel and his wife, by deed bearing date April 15th, 1864, of which the following is a copy, viz.:

" This indenture witnesseth, that Joseph S. Abel, Sr., and Catherine D. Abel, his wife, in consideration of fifteen hundred dollars to him paid by Hervey McCaslin, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey to the said Hervey McCaslin, and his heirs and assigns forever, the following real estate in Johnson county, and State of Indiana, and described as follows, to wit:" (description.) "To be held by the said Hervey McCaslin, for and during his natural life, and to Sarah McCaslin, (his now wife,) if she be living at the death of said Hervey McCaslin, and to her heirs and assigns in fee-simple; and, if she be not living at the death of the said Hervey McCaslin, then to the heirs and assigns of the said Hervey McCaslin forever, together with

all the privileges and appurtenances belonging or in any wise appertaining to the same. Witness," etc.

Hervey McCaslin died, having made a will devising the property to his said wife Sarah P. and his son Hervey J. McCaslin, and to the survivor of them. Afterward, the said Sarah P. died intestate.

It is thus seen, that if, by the terms of the deed from Abel and his wife, the title to the fee in the land vested in Sarah P. McCaslin, upon the death of her husband, that title, upon her death, descended to all her children, the plaintiff and defendants, in equal proportions.

We think from the terms of the deed, taking them all together, that it was the intention of the parties thereto that a life-estate in the land should vest in Hervey McCaslin, with remainder in fee to his heirs, in case he should survive his wife Sarah; but that if he should die, leaving her surviving, then the fee should vest in her. The language of the *premises* of the deed, taken by itself, purports to convey the property to "Hervey McCaslin, and his heirs and assigns forever." But the *habendum* qualifies the previous language, and explains its meaning, by stating that the land was to be held by Hervey McCaslin during his natural life; and, if his wife Sarah should be living at the time of his death, then she and her heirs were to hold it in fee-simple; but, if she should then be dead, then the heirs and assigns of said Hervey were to hold it forever.

The case, in principle, is nearly or quite identical with that of *Prior* v. *Quackenbush*, 29 Ind. 475.

There, a deed had been made by Andrew Stewart and his wife, of real estate, to Catherine Roe and her heirs forever. At the conclusion of the deed was the following note:

"N. B. Now, the foregoing deed of conveyance is, and forever shall be, with this express condition, that the foregoing described piece or parcel of land shall, at the death of said Catherine Roe, be forever thereafter in Elizabeth Stewart and Louisa Stewart, and that they, the

said Elizabeth and Louisa, are the only heirs contemplated in the foregoing deed of conveyance. Signed and sealed," etc.

It was held, that Catharine Roe took only a life-estate, with remainder in fee to Elizabeth and Louisa Stewart. It was said by the court in that case: "It was well said by Chief Justice TILGHMAN in *Wager* v. *Wager*, 1 S. & R. 374, that 'one of the most important rules in the construction of deeds is to so construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum*.

"'The office of the *habendum* is properly to determine what estate or interest is granted by the deed, though this may be performed, and sometimes is performed, by the premises, in which case the *habendum* may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises.'"

See, also, on the subject of exploring the intention of the parties in giving a construction to deeds, the cases of *Flagg* v. *Eames*, 40 Vt. 16, and *Collins* v. *Lavelle*, 44 Vt. 230.

Now, we do not think there is such a repugnance or contradiction between the premises of the deed in question and the *habendum*, as renders the latter void.

The language of the premises, to be sure, purports to grant the property to Henry McCaslin in fee, but the *habendum* explains, limits and qualifies that which is thus stated in general terms in the premises, and shows that

he took the land for life, at all events, and his heirs the fee, if he should survive his wife; but, if she should survive him, the fee was to be vested in her.

On the case made by the complaint, we are of the opinion, that the defendants were each entitled to an equal share of the property with the plaintiff, and, therefore, that the plaintiff was not entitled to have his assumed title to the whole of the property quieted as against them.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.