Edwards *et al. v.* Beall, by Next Friend.

---

## No. 7950.

## Edwards et al. *v.* Beall, by Next Friend.

REAL ESTATE.—*Conveyance to Husband and Wife.—Right of Survivor.—Right of Heir.*—A conveyance of land to a woman and her husband to be held by her as her own property, the husband having the possession during his lifetime and possession to return to her if she survive him, vested in her the title in fee subject to his life-estate, if he survived.

SAME.—*Deed Construed.—Joint Tenancy not Created.*—By the terms of such a deed a joint tenancy by entireties was not vested in the husband and wife.

SAME.—*Death of Wife Before Husband.—Descent of Two-thirds to Heir.*—Upon the death of the wife before the husband, two-thirds of the estate at once descended to their son and only heir, and was not liable to be assets for the payment of the husband's debts; and the husband became seized in fee of the other one-third.

SAME.—*Decree of Sale.—Confirmation.—Mistakes.—Action to Quiet Title by Heir.*—A decree of sale of such two-thirds for the payment of such debts, and a decree confirming the sale, were mistakes within the meaning of section 177, 2 R. S. 1876, p. 554, and the infant heir would be entitled to have them annulled and set aside, and his title quieted.

SAME.—*Deeds of Administrator and Purchaser Annulled.*—*Partition.*—In such case, the deed of the administrator and the deed of the purchaser to his grantee ought also to be set aside and annulled as to such two-thirds, and partition made.

PRACTICE.—*Infant Plaintiff.*—An action to correct a mistake in a decree, set aside a deed, quiet title and for partition may be commenced by an infant.

SAME.— *Age of Plaintiff.* —*Complaint.*—*Answer.*— Unless the age of the plaintiff is stated in the complaint, or in an answer setting it forth, the record does not present the question of his infancy and incapacity to sue.

SAME —*Party Demurring Presumed in Court.*—*Supreme Court.* — Where both the judge of the trial court, and the person demurring to a complaint, thought he was a party to the action, the Supreme Court will presume that he was and is properly in court.

CONSTRUCTION.—*Deed.*—*Premises.*—*Habendum.*—In construing the terms of a deed, both the premises and the habendum must be considered. The office of the habendum is to determine what estate or interest is granted. It may often qualify the premises, but may not contradict the estate so granted.

From the Knox Circuit Court.

*W. H. De Wolf* and *S. N. Chambers*, for appellants.
*H. Burns* and *J. S. Pritchett*, for appellee.

FRANKLIN, C.—This action was brought by appellee against appellants to correct a mistake, to set aside a deed in part, to quiet title, and for partition of a lot in the city of Vincennes. The complaint is in two paragraphs. The first, simply for partition between appellee and appellant Edwards; the second, setting up the facts in relation to the interest of all the parties. The defendants separately demurred severally to each paragraph of the complaint, for the reason that neither paragraphs contained facts sufficient to constitute a cause of action. The demurrer of Edwards was overruled and the demurrer of Chancellor was sustained as to the first paragraph, and overruled as to the second. Edwards answered in denial, and filed a cross bill, setting up improvements, which he asked to be taken into consideration. Appellee replied by a denial, and rents as an offset to improvements. Demurrer to second paragraph of reply overruled; and all of which rulings were properly excepted to.

Trial by court, and at the request of appellants, the court made a special finding of the facts, with the conclusions of law thereon, which conclusions were excepted to by appellants, and judgment rendered for appellee.

The following alleged errors have been assigned in this court:

1st. Overruling Chancellor's demurrer to the second paragraph of the complaint;

2d. Overruling Edwards' demurrer to the complaint;

3d. Error in the conclusions of law.

The controversy is over the proper construction of the deed. The court substantially found the facts to be as follows: That lot No. 205, in the city of Vincennes, was, on the 2d day of March, 1869, by the then owner, conveyed to Mrs. Celestine Beall and Mr. John S. Beall, who were husband and wife, by the following deed:

"This indenture witnesseth, that John Desire Vacelet and Mary Victorine Vacelet, his wife, of the city of Vincennes, of Knox county, in the State of Indiana, convey and warrant to Mrs. Celestine Beall and Mr. John S. Beall, of the same city of Vincennes, of Knox county, in the State of Indiana, for the sum of four hundred dollars, the following real estate, in Knox county, in the State of Indiana, to wit: Lot two hundred and five (205), in the now city of Vincennes, according to Johnson and Emmerson's survey of the borough of Vincennes, said lot 205 to be held by Mrs. Celestine Beall as her own property, Mr. John S. Beall having the possession of the same during his lifetime; said possession to return to Mrs. Beall if she survives her husband. Mr. and Mrs. Beall will pay the taxes now due, $37.34, and taxes for the present year."

Mrs. Celestine Beall died August 2d, 1872. Mr. John S. Beall died March 2d, 1873. Appellee was eighteen years old in January, 1879. On the 20th day of November, 1875, said lot was sold under an order of the court, by the admin-

istrator of John S. Beall's estate, to the appellant John C. Chancellor, for the sum of three hundred dollars, appellee having been made a party to the petition to sell, he being the only heir of the said John S. and Celestine; that said sale was reported to and approved by the court; and the estate of said John S. was finally settled, and the administrator thereof discharged, September, 1876. Said administrator executed a deed to said Chancellor for the lot, November 29th, 1875; and said Chancellor executed a deed for the same to said Edwards, August 4th, 1876. Said Edwards took possession of the lot at the date of his deed, and has held the same ever since; that the improvements thereon made by him exceeded the value of the rents in the sum of $323.72.

Upon which facts the court found as conclusions of law the following:

"1st. The deed to John S. and Celestine Beall vested in Celestine the title in fee to said lot, subject to an estate for life of said John, if he survived.

"2d. Upon the death of Celestine, the undivided two-thirds of said lot descended immediately from her to said Albert, subject to the life-estate of said John, and was not liable to be assets for the payment of the debts of said John; and said John thereupon became seized in fee of the other undivided third of said lot.

"3d. That, as to the undivided two-thirds of said lot, which descended to said Albert from said Celestine as aforesaid, the decree of this court, ordering the sale thereof for the payment of the debts of said John S. Beall, and the decree of the court confirming said sale, were obtained through mistake, within the meaning of section 176 of the act for the settlement of decedents' estates, approved May 6th, 1852.

"4th. That said Albert Beall is entitled to have said decree, ordering and confirming said sale by said administrator of said lot to said Chancellor, annulled and set aside as

to the undivided two-thirds of said lot, and to have his title thereto quieted.

"5th. That said Albert is not required, by the law, to wait until twenty-one years of age before bringing suit to annul and set aside said decree.

"6th. That, as to the plaintiff, the decree ordering and confirming said sale by said administrator, the deed of said administrator to said Chancellor, and the deed of said Chancellor to said Edwards, ought to be set aside and annulled, as to the undivided two-thirds of said lot.

"7th. That the partition of said lot ought to be made between the plaintiff and the defendant Jesse P. Edwards, by assigning to the plaintiff so much of said lot as shall equal in value two-thirds of the difference between the fair cash value of said lot, as now improved, and $323.72 ; and by assigning the residue to said defendant Edwards."

The first paragraph of the complaint was simply for the partition of the lot between appellee and appellant Edwards, alleging that they were owners thereof, and tenants in common, that appellee was entitled to two-thirds, and said appellant one-third thereof.

There was no error in overruling Edwards' demurrer to that paragraph, and sustaining Chancellor's demurrer to the same.

Appellant Chancellor insists that the demurrer to the second paragraph of the complaint ought also to have been sustained, for the reason that he was never made a party to the action ; that, although the appellee obtained leave of the court to amend his complaint and make appellant a party defendant, and it was reported to the court that the amendment had been made, yet in fact it never was done. If he was not a party to the action, he has no right to be heard, in this court, in relation to what was done in the premises by the court below. The record shows that he appeared in court and filed a demurrer to each paragraph of the com-

plaint; he thought he was a party, and the court thought he was a party; and we think it nothing but right to treat the complaint as having been amended in the court below, according to the understanding of the parties and the court, and that he is properly in this court. If he went to trial without an answer, that was his fault, and he is presumed to have relied upon the rulings on his demurrer; and the complaint will be deemed to be controverted, as if a denial was filed. *Casad* v. *Holdridge*, 50 Ind. 529; *Purdue* v. *Stevenson*, 54 Ind. 161.

As to the sufficiency of the facts in the second paragraph of the complaint, that depends upon the correctness of the construction of the deed given by the court in its conclusions of law upon the special findings.

Appellants' counsel very earnestly and learnedly insist, that, by the terms of the first named deed, a joint tenancy by entireties was vested in John S. Beall and his wife Celestine; that, at the death of his wife, the whole lot in fee simple belonged to John S., and was subject to sale for the payment of his debts. All this would follow if that be a correct construction of the deed. *Jones* v. *Chandler*, 40 Ind. 588; *Chandler* v. *Cheney*, 37 Ind. 391; *Simpson* v. *Pearson*, 31 Ind. 1; *Arnold* v. *Arnold*, 30 Ind. 305; *Davis* v. *Clark*, 26 Ind. 424; *Bevins* v. *Cline's Adm'r*, 21 Ind 37.

If the premises or conveying clause of the deed had no qualification, limitation, or condition in the subsequent parts of the deed, there would be no doubt about the correctness of appellant's construction. Or, if the subsequent parts of the deed are so repugnant and contradictory to the first, that they can not all be reasonably enforced, then the former will supersede the latter. 3 Washburn Real Property, 3d ed., p. 319; 2 Hilliard Real Property, pp. 483 to 489.

In this deed we have qualifying terms following the premises in the deed. And it is the duty of the court to so construe the language of the deed as to carry out the intention

of the parties, if this can be done without doing violence to the language used.

In the case of *Prior* v. *Quackenbush*, 29 Ind. 475, p. 478, we find the following doctrine quoted approvingly :

"It is well said by Chief Justice TILGHMAN in *Wager* v. *Wager*, 1 Serg. & R. 374, that 'one of the most important rules in the construction of deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself ; therefore, we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum*.'

" 'The office of the *habendum* is properly to determine what estate or interest is granted by the deed, though this may be performed, and sometimes is performed, by the premises, in which case the *habendum* may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises.' "

This is also approved in the case of *Carson* v. *McCaslin*, 60 Ind. 334. The facts in this case are very similar to the one under consideration ; and, in deciding the case, Judge WORDEN uses the following language : "Now, we do not think there is such a repugnance or contradiction between the premises of the deed in question and the *habendum*, as renders the latter void. The language of the premises, to be sure, purports to grant the property to Henry McCaslin in fee, but the *habendum* explains, limits and qualifies that which is thus stated in general terms in the premises, and shows that he took the land for life, at all events, and his heirs the fee, if he should survive his wife ; but, if she should survive him, the fee was to be vested in her."

So, in this case, although the general language in the premises purported to convey the property to Celestine and John S. Beall in fee, but the *habendum* explains, limits and qualifies that which is thus stated in general terms in the premises, and shows that he took the land for life, and his wife the fee simple, subject to his life-estate; her heirs would inherit the property, subject to his life-estate; and that it was not subject to sale by his administrator for the payment of his debts, except the portion inherited by him from his wife.

The language of this deed is, "Convey and Warrant to Mrs. Celestine Beall and Mr. John S. Beall. * * * To be held by Mrs. Celestine Beall as her own property, Mr. John S. Beall having the possession of the same during his lifetime. Said possession to return to Mrs. Beall if she survives her husband." The evident intent of the parties in the use of the foregoing language was, that an interest in the property should be conveyed to both of them; and then the extent of that interest is explained, by saying that he should have the possession during his lifetime, but the property should be hers, the fee simple should be in her, subject to his life-estate.

The last clause, in relation to the return of the possession to her if she should outlive him, may be regarded as surplusage, as the result would be the same without that clause. We think there was no error in the court's conclusions of the law, or in overruling the demurrers to the second paragraph of the complaint. See *Elliott* v. *Frakes*, 71 Ind. 412.

In the conclusion, appellant's counsel, in their brief, insist that appellee had no right to bring this suit before he had arrived at the age of twenty-one years. We do not see that this question is properly presented in the record. The age of appellee is not named in the complaint, therefore the question could not be raised by demurrer. And, if it was, the cause assigned in the demurrer was the want of sufficient facts, and there was no cause assigned of the want of capacity in appellee to sue; therefore, the demurrer did not raise

the question. There was no answer filed presenting the question. According to sec. 54, 2 R. S. 1876, p. 59, "When any of the matters enumerated in section fifty" (and "no legal capacity to sue" is the second one) "do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same," except as to jurisdiction and sufficient facts. Buskirk's Practice, 170 and 171.

But, if the question was properly presented, we think that sec. 177, 2 R. S. 1876, p. 554, is simply a statute of limitation, as to how long time a plaintiff has after he comes of age, in which he may bring his suit, and does not prevent him from bringing his suit before he becomes of age, as well as within three years after he arrives at age. We see no error in this record for which the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, with costs.