## EVANS *v.* DUNLAP ET AL.

[No. 5,420.   Filed October 5, 1905.]

1. DEEDS.—*Reservations and Exceptions.—Construction.* — The rule that reservations and exceptions in a deed shall be construed against the grantor applies only where the deed admits equally well of two or more interpretations.   p. 199.

2. SAME.—*Construction.—Intention.*—That construction should be given a deed which will harmonize all of the parts, if possible, and carry out the intention of the parties.   p. 199.

3. SAME.—*Premises.—Habendum.—Conflict.*—Where there is an irreconcilable conflict between the premises and *habendum* of a deed, the premises will control, and this rule is applicable where the premises contain a specific limitation followed in the *habendum* by a general one.   p. 200.

4. SAME.—*Life Estate.*—A deed whereby the grantor "conveys and warrants" certain lands to the plaintiff "to have and to hold the same during his natural lifetime," conveys only a life estate.   p. 201.

5. SAME.—*Life Estate.—Remainder.*—A life estate conveyed by deed is not enlarged to a fee because the grantor made no provision in such deed for the fee, such fee still remaining in the grantor.   p. 202.

From Madison Circuit Court; *John F. McClure,* Judge.

Suit by James Evans against Mary Dunlap and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Isaac N. Addison* and *Kittinger & Diven,* for appellant.
*Bagot & Bagot,* for appellees.

ROBINSON, J.—Appellant sues to quiet title, claiming that the following deed conveyed to him in fee the land therein described: "Jacob Evans, of Madison county, in the State of Indiana, for $1,000 conveys and warrants to James Evans of Madison county, in the State of Indiana, the following described real estate, situate in Madison county, in the State of Indiana, to wit: The southwest quarter of the southwest. quarter of section twenty-two, township eighteen north, range eight east, containing forty acres, except three acres out of the southeast corner of the above-described forty acres of land. To have and to hold the same during his natural lifetime." The deed was signed and acknowledged February 26, 1860, and recorded September 18, 1860.

It has been stated as a general rule that reservations and exceptions in a deed are to be construed against the grantor,

1. yet this rule is to be applied "only where the language of the instrument will equally admit of either of two or more interpretations." *Falley* v. *Giles* (1867), 29 Ind. 114. See, also, *Waldorf* v. *Elkhart, etc., R. Co.* (1895), 13 Ind. App. 134; 3 Washburn, Real Prop. (4th ed.), 397.

The deed, without the *habendum* clause, would, under the statute, be sufficient to convey the fee. But did the

2. parties intend that the deed should convey a less estate, and may this intention be fairly ascertained from the language used? It is quite true that for the purpose of ascertaining intention more liberality is exercised in construing wills than in construing deeds. *Shimer* v. *Mann* (1885), 99 Ind. 190, 50 Am. Rep. 82; *Ridgeway* v. *Lanphear* (1884), 99 Ind. 251. Yet every part of a deed should be compared with every other part, so as to obtain the sense of the whole deed; and, if possible, all the parts should be harmonized. "And," as said in *Edwards* v. *Beall*

(1881), 75 Ind. 401, "it is the duty of the court so to construe the language of the deed as to carry out the intention of the parties, if this can be done without doing violence to the language used." See, also, *Flagg* v. *Eames* (1867), 40 Vt. 16, 94 Am. Dec. 363; *Thornton* v. *Mulquinne* (1861), 12 Iowa 549, 79 Am. Dec. 548; *Pike* v. *Monroe* (1853), 36 Me. 309, 58 Am. Dec. 751; 3 Washburn, Real Prop. (4th ed.), 436.

It is a well-settled general rule that if there is an irreconcilable difference between the premises and the *habendum,* the former will prevail over the latter. See *Chamberlain* v. *Runkle* (1902), 28 Ind. App. 599, and cases cited. This rule is applicable where the premises contain a specific limitation followed by a more general limitation in the *habendum,* as in the case of *Chamberlain* v. *Runkle, supra;* but it is not applicable when the *habendum* explains, limits or qualifies what is stated in general terms in the premises. *Carson* v. *McCaslin* (1878), 60 Ind. 334; *Prior* v. *Quackenbush* (1868), 29 Ind. 475; *Edwards* v. *Beall, supra.* In these cases, as in the case at bar, the premises do not contain a specific limitation, but the granting part of the deed is in general terms.

In *Carson* v. *McCaslin, supra,* the language of the premises of the deed conveyed the property to "Hervey McCaslin and his heirs and assigns forever," while the *habendum* stated that the land was to be held by him during his natural life, and, if his wife should be living at his death, then she and her heirs were to hold it in fee, but, if she should then be dead, the heirs and assigns of McCaslin were to hold it forever. It was held that the premises granted the land to Hervey McCaslin in fee, but that what was thus stated in general terms in the premises was limited by the *habendum* to a life estate. The court adopted what appeared to be, from all the terms of the deed taken together, the manifest intention of the parties, and in the opinion

said: "It was well said by Chief Justice Tilghman in. *Wager* v. *Wager* [1815], 1 Serg. & Raw. *374, that 'one of the most important rules in the construction of deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum.*' " This language is quoted with approval in *Prior* v. *Quackenbush, supra,* and *Edwards* v. *Beall, supra.*

If we take all the terms of the deed together, it was manifestly the intention of the parties to convey a life estate to the grantee. The granting clause is expressed in general terms. It must be presumed that the parties had some purpose in view when they followed the description of the land with the words "to have and to hold the same during his natural lifetime." Those words were manifestly intended to limit and define the estate which the grantee should have in the property granted. The limitation "for and during the natural lifetime" of the grantee could have been set out in the premises, but the intention to convey a life estate only would not have been any the more manifest in that case than this. Under the doctrine of the cases of *Prior* v. *Quackenbush, supra, Carson* v. *McCaslin, supra,* and *Edwards* v. *Beall, supra,* the *habendum* clause can not be held void, but must be construed as limiting the estate which is granted in general terms by the premises. The limitation in the *habendum* is to be given the same effect it would have if it had been expressed in the granting part of the deed.

The fact that the grantor did not expressly dispose of any remainder adds nothing to appellant's claim. If the grantor had, in the premises of the deed, expressly conveyed a life estate to the grantee, there would have been no remainder to dispose of. Holding the fee, he would simply have taken out of that a life estate and conferred it upon the grantee. Such a deed, with or without a reservation, would confer no title whatever upon the grantee. He still held all that he had not conveyed away. He held the fee subject to the life estate he had created by the deed, and at the expiration of the life estate nothing would pass back to him. See *Clark* v. *Hillis* (1893), 134 Ind. 421.

Judgment affirmed.