## McGahan *v.* McGahan et al.

[No. 12,470.   Filed April 27, 1926.]

1. Deeds.—*Limitation of habendum clause.*—A general grant in a deed is subject to such limitations as the habendum clause may contain (*Shoe* v. *Heckley*, 78 Ind. App. 586, to the contrary, disapproved).   p. 505.
2. Deeds.—*Deed providing that, at death of grantee, the land should revert to grantor, created a base fee, becoming unconditional on prior death of grantor.*—A deed conveying the described real estate to the grantor's wife, but providing in a subsequent clause that, at the death of the grantee, it should "revert back" to the grantor, created a "base fee," to terminate on the death of the grantee, but the grantor having died first, the reversion was impossible and the widow became the owner in fee without limitation.   p. 505.

From Warren Circuit Court; *Harley D. Billings,* Judge.

Action by Ernest D. McGahan against Ella J. McGahan and others. From a judgment for the named defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*McCabe & McCabe,* for appellant.
*Burton B. Berry* and *Wilbur G. Nolin,* for appellees.

Nichols, C. J.—This was a suit by appellant to quiet his alleged title to the undivided one-third of 178 acres of land in Warren county, Indiana, subject to the life estate of appellee Ella J. McGahan. Appellee Ella J. McGahan filed a demurrer to the complaint. Appellees Laura and Abram Harmon were defaulted. The court sustained said demurrer to the complaint and appellant refusing to plead further, the court rendered judgment that he take nothing by his complaint, from which judgment, this appeal.

The complaint avers that on October 29, 1903, appellant's father. Simeon McGahan, was the owner in

fee simple and in possession of the land in controversy, and, on that date, conveyed the same to his wife, appellee Ella J. McGahan, for life, and, at her death, the remainder to himself, by a deed which reads, so far as here involved, as follows, to wit:

"This Indenture Witnesseth, That Simeon McGahan of Benton County, in the State of Indiana, Convey and Warrant to Ella J. McGahan his wife of Benton County, in the State of Indiana, for the sum of $10,000, the following described real estate, situated in Warren County, in the State of Indiana, to wit: (description)

"And for a further consideration that at the death of Ella J. McGahan that the above described land shall revert back to Simeon McGahan."

That the said Ella J. McGahan was the wife of the said Simeon McGahan at that time, and living with him on said lands, and the said Simeon McGahan had, at said time, two children, appellant and appellee Laura, intermarried with said Abram Harmon, both of whom surviving; that thereafter, the said Simeon McGahan died intestate, leaving surviving him, as his sole and only heirs at law, his said widow, and his said children. That appellant is the owner, by virtue of said deed and the death of said Simeon McGahan, of the undivided one-third of all of said lands, subject to an estate for the life of the said Ella J. McGahan, his mother.

As appellant says, the whole case hinges upon the construction of the words "Simeon McGahan convey and warrant to Ella J. McGahan for the sum of $10,000."

"And for a further consideration that at the death of Ella J. McGahan that the above described land shall revert back to Simeon McGahan."

In *Prior* v. *Quackenbush* (1868), 29 Ind. 475, the court, on page 478, quotes with approval from *Wager* v. *Wager* (1815), 1 Serg. & R. (Pa.) 374, as follows: "One of the most important rules in the construction of

deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum*. The office of the *habendum* is properly to determine what estate or interest is granted by the deed, though this may be performed, and sometimes is performed, by the premises, in which case the *habendum* may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises."

At the conclusion of the deed in controversy in the *Prior Case,* which would have conveyed a fee simple, the following clause was inserted: "N. B. Now, the foregoing deed of conveyance is, and forever shall be, with this express condition, that the foregoing * * * piece or parcel of land shall, at the death of said Catherine Roe, be forever thereafter in Elizabeth Stewart and Louisa Stewart, and that they, the said Elizabeth and Louisa, are the only heirs contemplated in the foregoing deed of conveyance." It was held that the deed gave only a life estate to Catherine Roe, with the remainder in fee to Elizabeth and Louisa Stewart. In *Carson* v. *McCaslin* (1878), 60 Ind. 334, in the premises of the deed, the grant was by Joseph S. Abel to Hervey McCaslin and his heirs and assigns forever. After the description, there was a *habendum* as follows: "To be held by said Hervey McCaslin, for and during his natural life, and to Sarah McCaslin, (his now wife) if she be living at the death of said Hervey McCaslin, and

to her heirs and assigns in fee simple, and if she be not living at the death of said Hervey McCaslin, then to the heirs and assigns of the said Hervey McCaslin forever," etc.

It was held that there was not such a repugnance or contradiction between the premises of the deed in question and the *habendum* as to render the *habendum* void, and that Hervey McCaslin took an estate which terminated at his death.

In *Edwards* v. *Beall* (1881), 75 Ind. 401, the language of the deed, in its premises, was "convey and warrant to Mrs. Celestine Beall and Mr. John S. Beall," and, after the description, a *habendum* clause as follows: "To be held by Mrs. Celestine Beall as her own property, Mr. John S. Beall having the possession of the same during his lifetime; said possession to return to Mrs. Beall if she survives her husband." It was held that although the general language in the premises purported to convey the property to Celestine and John S. Beall in fee, the *habendum* clause explained, limited and qualified that which is thus stated in general terms in the premises, and showed that he took the land for life, and his wife the fee simple, subject to his life estate.

*Doren* v. *Gillum, Sheriff* (1894), 136 Ind. 134, 35 N. E. 1101, announces the same principle, that case citing authorities to sustain the rule that words importing a greater estate than one for life in the first taker, may, by force of the context, be so limited as to give the first taker a life estate only, with a remainder over; that the estate may be limited in the *habendum* although not mentioned in the premises of the deed; that the latter part of a deed has been allowed to control, and render what seemed to be a fee to be a life estate in the first taker; and that words deliberately put into a deed and inserted there for a purpose are not to be lightly considered or arbitrarily thrust aside.

On rehearing, in *Adams* v. *Merrill* (1908), 45 Ind. App. 315, 87 N. E. 36, the court states the rule to be that: "If the granting part of the deed contain proper words of limitation, the *habendum* may be dispensed with entirely; but if the latter be used, and the limitation therein be repugnant to the limitation in the premises, it will be treated as having no validity or effect. When, however, the grant is indefinite because of its generality in respect to the estate in the lands conveyed, it may be defined, qualified, and controlled by the *habendum.* So the *habendum* is useful only when the words of grant leave the subject of the extent of ownership open to explanation. A simple grant to a person named, without any particular words of limitation in the premises, leaves the extent of ownership open to explanation." To the same effect see *Evans* v. *Dunlap* (1905), 36 Ind. App. 200, 75 N. E. 297. We have examined the cases cited by appellee, and we do not find them in conflict with the rules above announced. In *Lamb* v. *Medsker* (1905), 35 Ind. App. 662, 74 N. E. 1012, cited by appellee, the rule that must control here is thus stated: "If the grant in the deed now under consideration was expressed in such general terms as to admit of various meanings, then the *habendum* might be and could properly be used as explaining the intention contained in the words of the granting part of the deed, but never to contradict the estate granted in the premises, unless the 'words so introduced in the deed, after the words of conveyance and warranty, in order to so limit the estate, must be apt words for the purpose, so that, when taken in connection with the granting words of the deed, the meaning  *  *  * will be clear and irresistible on the face of the deed that a life estate only was intended.'" In that case, the grant was not expressed in such general terms. Substantially the same language is found in *Chamber-*

*lain* v. *Runkle* (1902), 28 Ind. App. 599, 63 N. E. 486, cited by appellee. In that case, there was not a general grant, but the grant contained express limitations of the estate conveyed, and the *habendum* clause being repugnant thereto, was held to be without force.

Appellant has justly criticised our opinion in *Shoe* v. *Heckley* (1922), 78 Ind. App. 586, 134 N. E. 214, so far as it holds that the *habendum* clause is contradictory of the granting clause, and therefore void. So much of the opinion as so holds is disapproved. In the instant case, the grant was general and, therefore, subject to such limitation as the *habendum* clause might require. This brings us to a study of such clause, which, as it seems to us, might better be termed a conditional limitation of the fee conveyed by the granting clause. It is to be observed that by this provision, at the death of the grantee, the estate created was to revert to the grantor. There is no provision for a reversion to any one other than to the grantor. The provision is not to the grantor or his heirs, but, at the time of the death of the grantee, the grantor had died and there was no one to whom the estate could revert. A fair interpretation of the clause, and its effect upon the granting clause is that it created what, in common law, was called a base fee—a fee which was to determine upon the happening of a certain event. In this case, the death of the grantee before the grantor, and when it becomes impossible that such event shall happen, the estate becomes a fee simple without limitation. With this construction of the so-called *habendum* clause, upon the death of Simeon McGahan, his wife became the owner of the fee of the real estate involved without limitation. We hold, therefore, that the demurrer to the complaint was properly sustained.

Affirmed.