CLARIDGE *v.* PHELPS ET AL.

[No. 15,641. Filed December 15, 1937. Rehearing denied February 16, 1938. Transfer denied May 11, 1938.]

*Elmer Q. Lockyear* and *Theodore Lockyear,* for appellant.

*Paul Schmidt, George Kanes* and *Ora Davis,* for appellees.

WOOD, J.—This appeal presents for our consideration the legal effect of certain language used in a warranty

deed, which deed, omitting the description of the real estate, the signature and acknowledgement clauses, is in words and figures as follows:

"This Indenture Witnesseth, that Emily J. Lockyear, widow of the late Christopher Lockyear of Warrick County, in the State of Indiana, Convey and Warrant to Hester Claridge, wife of James Claridge of Warrick County, in the State of Indiana, for the sum of Twenty Dollars, and other consideration, the following Real Estate in Warrick County, in the State of Indiana, to-wit:

"(Description of Real Estate.) It being the same tract of land set off to me in the partition of the estate of Christopher Lockyear deceased. And after the death of said grantee said tract of land shall pass to her daughter, Mary Florence Claridge.

"The Grantor Emily J. Lockyear reserved for herself a Life Estate in aforesaid conveyance of real estate.

"Be it provided further as a part of above consideration that said grantee Hester Claridge shall, after my decease, pay to each of my daughters, Eliza Gander and Letitia A. Helm, the sum of ten dollars each."

The grantor, Emily J. Lockyear, and Mary Florence Claridge both died before the bringing of this action in the trial court. Mary Florence Claridge intermarried with the appellee, Charles Phelps. The appellees, Chester Phelps, Roy Phelps and Alton Phelps are children by virtue of said marriage. The appellees, Esther Phelps, Lillian Phelps and Edessa Phelps are the wives respectively of Chester, Roy and Alton Phelps. After the death of the grantor, Emily J. Lockyear, the appellant, as the named and designated grantee in said deed, took possession of the real estate described in the deed and commenced this action to quiet her title in said real estate as the owner thereof in fee simple against all the appellees.

The complaint was in one paragraph in which the

facts were alleged substantially as above set forth. It is the contention of the appellant that the granting clause of the deed vested in her the fee simple title to the real estate, and that the condition in the *habendum* clause of the deed, to-wit: "And after the death of said grantee said tract of land shall pass to her daughter Mary Florence Claridge," is void because of uncertainty and did not limit the estate conveyed to the grantee (appellant) to a life estate. The appellees, Roy and Lillian Phelps, filed a joint and several demurrer to this complaint for insufficiency of facts to state a cause of action. The court sustained this demurrer. Thereupon the appellant dismissed her cause of action against the other defendants, all of whom are named as appellees herein, and refusing to plead further the trial court entered judgment upon its ruling on the demurrer that the appellant take nothing by her complaint. From the judgment she appeals assigning as the sole error for reversal the action of the court in sustaining the demurrer of Roy and Lillian Phelps to her complaint.

By Section 56-115 Burns 1933, Section 14660 Baldwin's Ind. St. 1934, when a grantor conveys and warrants land to a grantee, it "shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns."

Section 56-105 Burns 1933, Section 14662 Baldwin's Ind. St. 1934, provides, "It shall not be necessary to use the words 'heirs and assigns of the grantee' to create in the grantee an estate of inheritance; *and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed.*" (Our italics.) It must be agreed therefore that under our statutes, when the granting clause of a deed is general or indefinite respecting the estate in the lands conveyed, it may be defined, qualified and con-

trolled by the *habendum*. *Adams* v. *Merrill* (1909), 45 Ind. App. 315, 85 N. E. 114.

In the case of *Prior* v. *Quackenbush* (1868), 29 Ind. 475, 478, which is one of the most frequently cited cases in this state on the construction of deeds, our Supreme Court was called upon to determine the legal effect of a clause, inserted in a deed of conveyance between the attestation clause preceding the signature of the grantors and their signatures, upon the granting clause of the deed. The court in disposing of this case cited and quoted with approval from the case of *Wager* v. *Wager* (Penn.), 1 Serg. & R. 374, as follows: "one of the most important rules in the construction of deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum*.

"The office of the *habendum* is properly to determine what estate or interest is granted by the deed, though this may be performed, and sometimes is performed, by the premises, in which case the *habendum* may lessen, enlarge, explain, or quality, but not totally contradict or be repugnant to the estate granted in the premises."

In *Goodpaster* v. *Leathers* (1889), 123 Ind. 121, 123, 23 N. E. 1090, our Supreme Court said: "The intention of the parties is what the law addresses itself to in the construction of deeds; but the intention is to be gathered from the language found in the instrument. The entire deed is to be regarded, and when the language is

unambiguous, and the intent plainly appears upon the face of the instrument, there remains nothing for the court to do but to give the deed effect according to the terms written therein."

These rules of construction have been followed and applied by our courts in numerous cases where they have had before them the construction of deeds of conveyance containing conditions in the *habendum* clause expressed in language of quite similar import as that contained in the deed in the instant case. Among them are the following: *Carson* v. *McCaslin* (1878), 60 Ind. 334; *Edwards* v. *Beall* (1881), 75 Ind. 401; *Doren* v. *Gillum* (1893), 136 Ind. 134, 35 N. E. 1101; *Evans* v. *Dunlap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Adams* v. *Merrill* (1909), 45 Ind. App. 315, 85 N. E. 114; *Richards* v. *Richards* (1915), 60 Ind. App. 34, 110 N. E. 103; *McGahan* v. *McGahan* (1925), 84 Ind. App. 500, 151 N. E. 627. In each one of these cases it was held that the *habendum* clause could not be held void but must be construed as limiting the estate which was granted in general terms by the premises.

The granting clause in the deed under investigation is general in its terms. There is nothing in the deed to indicate that the words in the *habendum* limiting the estate granted in the premises were not put in there deliberately and inserted there for a purpose not to be lightly considered or arbitrarily thrust aside.

Considering the qualifying clause contained in the *habendum,* in connection with the other parts of the deed, for the purpose of ascertaining the meaning of the grantor, construing the whole together so to reconcile the different parts of the deed, if possible, it seems apparent that the qualifying clause of the deed relates directly to and should be read in connection with the granting clause; that said qualifying clause is sufficiently clear; that it is not repugnant to the

granting clause and that it expresses a clear intention on the part of the grantor to limit the duration of the estate conveyed to the appellant to a life estate with remainder to the appellant's daughter, Mary Florence Claridge.

In support of her contention, the appellant relies almost exclusively upon a statement of our Supreme Court in the case of *Marsh* v. *Morris* (1892), 133 Ind. 548, 33 N. E. 290. An examination of the opinion of the court in that case shows that in so far as it related to the limiting clause in the *habendum* of the deed there under consideration, it was dicta and therefore of no controlling force. *State ex rel.* v. *Kaufman* (1917), 186 Ind. 602, 117 N. E. 643; *Pierce* v. *Blair* (1925), 196 Ind. 710, 149 N. E. 566. Moreover, the legal import of the words used in the *habendum* clause in the case of *Marsh* v. *Morris, supra,* is so different from those used in the case at bar, that what was said in that case cannot be accepted as controlling in this case.

Finding no error, the judgment is affirmed.