Doren *v.* Gillum, Sheriff, *et al.*

Filed Dec. 19, 1893.

------◆------

No. 16,510.

Doren *v.* Gillum, Sheriff, et al.

Deed.—*Construction of.*—*Words of Purchase.*—*Life Estate.*—*Remainder.* —*When Subject to Judgment Lien.*—*Sale of Remainder on Execution.*— A deed was executed on the 25th day of September, 1892, of the following tenor: "This indenture witnesseth that William H. Rush and Eliza J. Rush, * * * convey and warrant to Levi Hubbard and Margaret Hubbard * * * the following real estate * * * to wit (describing the real estate), to have and to hold the same

during their natural lives, and each of their natural lives, and then to descend to William H. Hubbard and the heirs of his body."

*Held,* that the deed vests only a life estate in Levi and Margaret Hubbard, and each of them, and that the words "then to descend," etc., are words of purchase, meaning "to go," and create in William H. Hubbard a vested remainder.

*Held,* also, that as William H. Hubbard, with the remainder, took a vested interest in the land, it became subject to the lien of a prior and existing judgment against said William, and could properly be levied upon and sold by the sheriff.

From the Jay Circuit Court.

*F. H. Snyder* and *G. Bergman,* for appellant.

*J. J. M. La Follette* and *O. H. Adair,* for appellees.

DAILEY, J.—This was an action, begun in the Jay Circuit Court, by the appellant, Emery E. Doren, to enjoin the sale of certain real estate by the appellee, Stephen A. D. Gillum, sheriff of Jay county, on an execution issued on a judgment obtained by the appellee Adelma Lupton, against Robert E. Rees, Charles Lord, and William Hubbard.

Such proceedings were had that a restraining order was granted pending litigation.

Briefly stated, the amended complaint described the real estate and alleged the appellant to be the owner in fee simple, and in the actual and full possession of the same. Also, that on the 3d day of February, 1891, the appellee Lupton ordered an execution issued on a judgment in his favor for four hundred and sixteen dollars, obtained in the Jay Circuit Court on the 9th day of January, 1885, which execution was issued and directed to the sheriff of Jay county, Indiana, who, under said execution, levied upon the real estate described, and threatened and was about to advertise for sale, and to sell, the same on execution, and would do so unless restrained by the order of the court; that William H. Hubbard was

not, before the rendition of said judgment, nor at the time, nor has he since become, the owner of said real estate; that if the sale of said tract be made it will harass and annoy the appellant by litigation growing out of such sale, and will work irreparable loss and injury to him; that such a sale would cast a cloud upon his title, and would affect the value of his property in a manner not susceptible of measurement or redress in an action at law, and he prays that the sale be enjoined.

To this complaint, each of the appellees filed separate demurrers, which were submitted to the court and overruled, and exceptions duly reserved thereto, whereupon the appellee Gillum answered by general denial, and the appellee Lupton in two paragraphs, the first of which was a general denial. The second paragraph alleges the judgment against said Rees, Lord and Hubbard, the issuing of the execution thereon, and that said Hubbard was then and still is the owner of the real estate described, having acquired title thereto by deed executed on the 25th day of September, 1882, which deed is in the words and figures following, to wit:

"This indenture witnesseth that William H. Rush and Eliza J. Rush, of Jay county, in the State of Indiana, convey and warrant to Levi Hubbard and Margaret Hubbard, of Jay county, in the State of Indiana, for the sum of one thousand dollars, the following real estate, in Jay county, in the State of Indiana, to wit: 'The southwest quarter of the southwest quarter of section twenty-six (26), township twenty-three (23) north, of range twelve (12) east, containing forty (40) acres, more or less,' to have and to hold the same during their natural lives, and each of their natural lives, and then to descend to William H. Hubbard and the heirs of his body. In witness whereof, the said William H. Rush and Eliza

J. Rush, his wife, have hereunto set their hands and seals, this 25th day of September, 1892.

"WILLIAM H. RUSH.
"ELIZA J. RUSH."

(Here follows an allegation of acknowledgment and recordation.)

The answer further avers that on the 24th day of May, 1890, and after the death of the grantee Margaret Hubbard, the appellant procured a quitclaim deed from Levi Hubbard, without having paid any consideration therefor, and with full knowledge of the title thereto of William H. Hubbard and of the judgment of said Lupton; that the appellant purchased the land at a sale for taxes and holds a deed therefor from the auditor of Jay county, but that said deed is illegal and void, and conveys no title, because said land was sold without having first offered the life estate then thereon, and without having first made proper effort to collect any taxes then due out of the personal property then owned by the said Levi Hubbard, and without having properly advertised or listed said land, and because the same was sold for more than was due on said tract, and for other irregularities and illegal acts mentioned, in the appraising, listing, advertising, and selling of said premises.

The appellant, Doren, moved the court to require the several causes of defense therein separated into paragraphs and numbered, which motion was overruled and an exception taken.

The first error assigned by appellant, upon which he seeks a reversal of this case, is in the overruling of this motion; and, in support of it, he urges duplicity in the pleading. No question is presented under this assignment of error, as no bill of exceptions signed by the judge appears in the record.

The appellant then filed a demurrer to this second par-

agraph of answer, for want of sufficient facts, which was overruled by the court and exception taken. Thereupon appellant filed a reply, and the cause being at issue, was submitted to the court for trial.

The court found for the appellees, entered a decree dissolving the restraining order theretofore entered, and rendered judgment against appellant for costs. Appellant moved for a new trial, on four reasons assigned, which motion was overruled by the court and excepted to at the time. Thereupon appellant prayed an appeal to this court, which was granted.

The second assignment of error, that "The court erred in overruling plaintiff's demurrer to the second paragraph of the separate answer of the defendant Adelma Lupton," raises the principal question for consideration in this case, because it involves the construction of the deed from Rush and wife to Levi and Margaret Hubbard.

It is urged by the appellant, that "By the premises of this deed, 'convey and warrant,' title in fee simple is passed as effectually as by a grant at common law," and that "the *habendum* totally contradicts and is repugnant to the estate granted in the *premises*," and hence "that the *premises* govern and the *habendum* is void."

In 5 Am. and Eng. Encyc. of Law, pp. 454 and 456, it is said: "The term *premises* is given to all that part of the deed which precedes the *habendum* clause. The *habendum* and *tenendum* clause is that which follows the words '*to have and to hold.*' Originally, that is, under the feudal system, this clause defined the quantity of interest or estate which the grantee is to have in the property granted, and the tenure upon or under which it was to be held. Since the practical abolition of the various feudal tenures, the only object of the clause is to state the character of the grantee's estate. But although

the words of limitation usually appear in the *habendum* as an independent clause of the deed, it is not necessary that they should, if they appear in some other part as in the premises. So unimportant is the *habendum* that if it is hopelessly repugnant to the limitations appearing in the premises, it will be ineffectual to control the terms of the premises. But if, by fair construction, the premises and *habendum* may be reconciled so that both may stand, effect will be given to both.''

It is claimed by the appellant, that the word "descend," in the deed, is clearly a word of limitation and not of purchase, and taken either in its common or technical sense, implies an estate of inheritance to be taken by William H. Hubbard as heir, and that ''if the first takers take only a life estate, then there was nothing to descend to William H. Hubbard as heir,'' leaving the implication that a fee was given Levi and Margaret Hubbard, and that no remainder was intended to vest in William H. Hubbard, or, briefly stated, it is insisted that the word "descend" having been used, no remainder was created.

An investigation of the authorities does not enable us to agree with the appellant in his contention. It has been held that where, in a conveyance, the word "descend" was used, it meant the same as "go to." 2 Sharswood& Budd's Leading Cases, etc., p. 273; *Halstead* v. *Hall,* 60 Md. 20; *Tate* v. *Townsend,* 61 Miss. 316; *Jones* v. *Crawley,* 68 Ga. 175; *Moore* v. *Weaver,* 16 Gray, 305; *Borgner* v. *Brown,* 133 Ind. 391.

The *premises* do not always control the construction. Words importing a greater estate than one for life in the first taker, may, by force of the context, be so limited as to give the first taker a life estate only, with a remainder over. *Reeder* v. *Spearman,* 6 Rich. Eq. 89; *Gillam* v. *Caldwell,* 11 Rich. Eq. 73.

The estate may be limited in the *habendum*, although not mentioned in the premises of a deed, and without the use of the word "remainder." *Wager* v. *Wager*, 1 S. & R. 373; *Wommack* v. *Whitmore*, 58 Mo. 448.

And the latter part of a deed has been allowed to control and render what seemed to be a fee a life estate in the first taker. *Prior* v. *Quackenbush*, 29 Ind. 475.

The argument that if a remainder was created, it was a contingent one, does not find support in the authorities. *Davidson* v. *Koehler*, 76 Ind. 398.

All parts of a deed should be given due force and effect. "The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the *habendum*." *Carson* v. *McCaslin*, 60 Ind. 334; *Edwards* v. *Beall, etc.*, 75 Ind. 401.

Words deliberately put in a deed and inserted there for a purpose are not to be lightly considered or arbitrarily thrust aside. *Fountain County Coal, etc., Co.* v. *Beckleheimer*, 102 Ind. 76.

Nor do we think the case of *Taney* v. *Fahnley*, 126 Ind. 88, lends appellant any support in his theory of a fee in Levi and Margaret Hubbard. In that case there are no words whatever indicating a life estate, and the descent referred to is to a class as heirs, and providing that the grantor shall be included in the class as such, while in the case under consideration the clause in the deed granting the premises to Levi Hubbard and Margaret Hubbard, "to have and to hold the same during their natural lives, and each of their natural lives," defines an estate for life to Levi and Margaret Hubbard, and the expression, "then to 'descend' to William H. Hubbard and the heirs of his body," clearly refers to the time when said William shall come into the posession of the estate, and the remainder vested in him and became subject to levy

and sale at the date of the execution of the deed by William H. and Eliza J. Rush. The deed creates a remainder interest in William H. Hubbard by purchase, and the use of the word "descend" will not be allowed to defeat or destroy the clear and well expressed meaning of the deed.

The third cause assigned in appellant's motion for a new trial, that "the decision is contrary to law," involves the same questions already considered regarding the construction of the deed, and we will not repeat what we have heretofore said concerning it.

The fourth specification in appellant's motion is that the court erred in excluding the following evidence offered by the plaintiff:

"1st. The record of the quitclaim deed from Levi Hubbard to the plaintiff, conveying the real estate in question and sought to be sold on execution.

"2d. The record of a tax deed by the auditor of Jay county, conveying said premises to the plaintiff.

"3d. The receipts for taxes paid thereon, by the plaintiff, subsequent to the sale for taxes.

"4th. The value of improvements made upon said tract, by plaintiff, since the execution of the tax deed by the auditor."

It is the duty of the life-tenant to pay and keep down the general taxes assessed against the real estate of which he is in possession and enjoys the rents and profits, and if, through failure to perform his duty, the estate in remainder is sold, destroyed, or wasted, he is required to make the loss good. If, through the failure of the tenant to pay the taxes, the estate is sold and conveyed to another, beyond the power of the remainder-man to recover it, it is as to him destroyed, wasted, and the inheritance is gone, and the tenant should pay for the loss. *Clark* v. *Middlesworth,* 82 Ind. 240.

In 1 Sharswood & Budd's Leading Cases, etc., p. 209, it is said: "The tenant for life must also pay the ordinary taxes upon the land held by him; and if he neglect or refuse to pay the taxes, and suffer the land to be sold, and buy it in, he will not be allowed to set up the tax against the remainder-man or reversioner, for that would be taking advantage of his own wrong. *Patrick* v. *Sherwood*, 4 Blatch. 112. In Ohio, a life-tenant suffering a sale of his land for taxes, forfeits his life-estate, and will not be allowed to redeem the land." Citing *McMillan* v. *Robbins*, 5 Ohio, 28.

But these questions were not involved in the issues.

The whole question in this case turns upon the construction of the deed from William H. Rush and wife to Margaret and Levi Hubbard, with remainder to William H. Hubbard, heretofore given, and as the latter took, by virtue of that conveyance, a vested interest in the land, it became and is subject to the lien of the appellee Lupton's judgment, and was properly levied upon by the sheriff.

There is no available error in the record, and the judgment of the court below is affirmed.

Filed Jan. 2, 1894.