MARGARET TRIPLETT et al. v. M. C. WILLIAMS.

(Filed 9 December, 1908).

1. **Deeds and Conveyances—Construction—Formal Parts—Intent of Grantor.**

   The whole of a deed should be so construed as to effectuate the plainly expressed intention of the grantor, and so as to prevent the technicalities of the common law rule of construction, now obsolete, which regards the granting clause and the habendum and tenendum as separate and independent, each having its own special functions, from overriding the intention so expressed.

2. **Same—"Heirs"—Limitation in Habendum.**

   The premises of a deed to land read, among other things, "unto said M. G., her heirs and assigns"; and the habendum, "to herself, the said M. G. during her life time, and at her death said land is to be equally divided between" her children. *Held,* (1) Since under the act of 1879, now Revisal, sec. 946, the same estate would have passed if the word "heirs," an established formula, had been omitted in the granting clause, there is no repugnance in this deed between the granting clause and habendum; (2) The limitation of the estate in the habendum, and the creation of an estate in remainder therein, were conclusive proof that there was no intention of the grantor to create an estate in fee, but an estate for life to M. G. with a remainder over to her children.

3. **Contracts to Convey Lands—Equity—Parties—Imperfect Title.**

   Specific performance of a contract to convey an indefeasible title to lands will not be enforced in equity against a purchaser, at the suit of one having the life estate, when those in remainder have not been made parties and would not be bound by the decree.

ACTION tried by *Murphy, J.*, who found the facts by consent, October Term, 1908, of WILKES.

Civil action to compel specific performance of a contract for the sale of land. The defendant pleads that the plaintiffs are unable to make good and indefeasible title in fee. The cause was heard at October Term, 1908, of the Superior Court of WILKES County, his Honor, *Judge Murphy* presiding. The Court rendered judgment against the defendants, who appealed. The facts are stated in the opinion of the Court.

*Hackett & Gilreath* for plaintiffs.
*W. W. Barber* for defendant.

BROWN, J. The title of the *feme* plaintiff, Margaret, depends upon what construction is given to a deed executed to her by John Greenwood and wife, dated 30 May, 1885, containing the following premises, "unto the said Margaret Greenwood, and her heirs forever, the following land," followed, after describing the land, by the following habendum: "to have and to hold the same, together with all privileges and appurtenances thereto belonging to herself, the said Margaret Greenwood, *during her life time,* and at her death said land is to be equally divided between the children of said Margaret Greenwood."

It is true, as contended, that according to the common law, as followed in previous decisions of this Court, the plaintiff acquired a fee simple in the premises of the deed which could not be divested by the habendum. The habendum part of a deed was originally used to determine the interest granted, or to lessen, enlarge, explain or qualify the premises, but it was not allowed to divest an estate already vested by the deed, and was held to be void if repugnant to the estate granted in the premises. 2 Black. Com., 298; 4 Kent. Com., 468; *Hafner v. Irwin,* 20 N. C., p. 570.

We concede all that is contended for as to the common law rule of construction, and that it has been followed in this State. But this doctrine, which regarded the granting clause and the habendum and tenendum as separate and indepen-dent portions of the same instrument, each with its especial function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor, and does not regard as very material the part of the deed in which such intention is manifested.

This is not only the decided trend of modern adjudication, but it is the legitimate and necessary result of legislation in this and other States.

In his work on deeds, Mr. Devlin states the prevalent rule of construction as follows: "It may be formulated as a rule, that where it is impossible to determine from the deed and surrounding circumstances that the grantor intended the habendum to control, the granting words will govern, but if it clearly appears that it was the intention of the grantor to enlarge or *restrict* the granting clause by the habendum the latter must control." 1 Dev. on Deeds, sec. 215; *Dodine v. Arthur,* 91 Ky. 53.

In the above cited case the Kentucky Court states the proper rule of construction as follows: "It is undoubtedly true that in case of repugnancy between the two, and it can-not be determined from the whole instrument with reasonable certainty that the grantor intended that the habendum should control, the conveying clause must, for the reason that words of conveyance are necessary to the passage of the title, and the habendum is not ordinarily an indispensable part of a deed. Hence, in the case above indicated, the conveyancing clause must control. But where it appears from the whole

conveyance and attending circumstances that the grantor intended the habendum to enlarge, restrict or impugn the conveying clause, the habendum must control.

It is in such case to be considered as an addendum or proviso to the conveyancing clause, which, by a well settled rule of construction, must control the conveying clause or premises even to the extent of destroying the effect of the same. This is so, because it is the last expression of the grantor as to the conveyance, which must control the preceding expression." See also *Henderson v. Mack,* 82 Ky., 379; *Ratliffe v. Mars,* 7 S. W., 395; *Fogarty v. Stack* (Tenn.), 8 S. W. Rep., 846.

The Supreme Court of California says, that "for the purpose of ascertaining the intention the entire instrument, the habendum as well as the premises is to be considered, and if it appears from such consideration that the grantor intended by the habendum clause to restrict or limit the estate named in the granting clause the habendum will prevail over the granting clause." *Barnett v. Barnett,* 104 Cal. 298; *Moore v. Waco,* 85 Tex., 206.

"All parts of a deed should be given due force and effect." *Doren v. Gillum,* 136 Ind., 134.

"The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the habendum." *Carson v. McCaslin,* 60 Ind., 334.

"Words deliberately put in a deed, and inserted there for a purpose, are not to be lightly considered, or arbitrarily thrust aside." *Mining Co. v. Becklenheimer,* 102 Ind., 76.

To discover the intention of the parties "is the main object of all constructions. When the intention of the parties can be ascertained, nothing remains but to effectuate that intention." *Elliott v. Jefferson,* 133 N. C., 215; *Salisbury v. Andrews,* 19 Pick. (Mass.), 250; *Walsh v. Hill,* 38 Cal., 481.

We can see no reason why the manifest intention of the grantor should be so carefully regarded in determining what

property his deed covers and so entirely disregarded in determining what estate in that property the grantee shall take.

In his work on the Law of Real Property, Mr. Jones says: "The inclination of many Courts at the present day is to regard the whole instrument without reference to formal divisions. The deed is so construed, if possible, as to give effect to all its provisions, and thus effectuate the intention of the parties. When an instrument is informal, the interest transferred by it depends not so much upon the words and phrases it contains as upon the intention of the parties as indicated by the whole instrument." Vol. 1, sec. 568.

In support of his text the author cites in his note a great array of cases from many States.

This deed having been executed in 1885, the word heirs in the premises can have no force, or effect, as, since the act of 1879, the grantee would have taken the same estate without the use of the word as with it.

The Act, now sec. 946 of the Revisal, provides, that "when real estate shall be conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word heirs shall be used or not, unless such conveyance shall in plain and express words show, or it shall be plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity."

All conveyances of land executed since the passage of the act are to be taken to be in fee simple, unless the intent of the grantor is plainly manifest in some part of the instrument to convey an estate of less dignity.

It is the legislative will that the intention of the grantor and not the technical words of the common law shall govern.

This is the view taken by the Kentucky Court in construing a similar statute. *Baskett v. Sellers,* 19 S. W. Rep. 10.

Taking into consideration the whole of the deed under discussion, it is clear beyond doubt that it was the intention of the grantor that the habendum should operate as a proviso or

limitation to the granting clause in the premises, and control it so as to limit the estate conveyed to his daughter Margaret to a life estate with a remainder over to her children.

The insertion of the word "heirs" in the premises was evidently in deference to an established formula and creates, in our opinion, no repugnance between the granting clause and the habendum, inasmuch as the same estate would pass to the plaintiff whether this word be inserted or omitted.

The subsequent limitation of the estate conveyed to the grantee in the habendum and the creation of an estate in remainder therein, is conclusive proof that the grantor did not intend by the use of the word heirs in the premises to create an estate in fee in the plaintiff.

There is another reason why specific performance should not be decreed in this case.

The *feme* plaintiff, according to the facts found, is now married and has several children. They have not been made parties to this action and therefore will not be bound by a decree in it.

The Court of Equity will not compel a purchaser to pay out his money for a doubtful title when his contract entitles him to an indefeasible one.

The judgment of the Superior Court is reversed, and the cause remanded with direction to. enter judgment in accordance with this opinion.

Reversed.