STACY, C. J., concurring.
WINBORNE, J., joins in concurring opinion.
The plaintiffs sued the defendants in ejectment for the recovery of the tract of land described in the complaint. The defendants answered the complaint, denying plaintiffs' title and claiming the land by adverse possession under colorable title for seven years next preceding the institution of the action. C. S., 428. The plaintiffs replied, setting up the deed under which they allege the defendants claim title, alleging that it conveys no title, but constitutes a cloud upon plaintiff's title, which they ask to have removed.
By consent of parties, the cause was heard before Judge Felix E. Alley at the November Term, 1942, of Yadkin Superior Court, without the intervention of a jury. The parties entered into a stipulation, whereby it was agreed that the deed referred to in the pleadings was that same deed executed by U. J. Thompson to Cora Thompson, 21 July, 1932, and recorded in Book 37, page 20, in the office of the register of deeds for Yadkin County, reading as follows:
"THIS DEED, Made this 21st day of July, A.D. 1932, by U. J. Thompson of Yadkin County and State of North Carolina, of the first part, to Cora Thompson of Yadkin County and State of North Carolina, of the second part:
"WITNESSETH, That said U. J. Thompson, in consideration of One Dollar Dollars, to his paid by Said party of the second part the receipt of which is hereby acknowledged, have bargained and sold, and by these *Page 680 
presents do grant, bargain, sell and convey to said Said party of second part their heirs and assigns, a certain tract or parcel of land in Yadkin County, State of North Carolina, adjoining the lands of Pill Smith, John White, and others, and bounded as follows, viz.:
"BEGINNING at iron stake in Pill Smith line and on the West side of the road leading from the church to Thompson mills then East 31 chs. and 20 links to Iron stake on the West Side of the old Georgia Road, the Westard corse [course] with the old Georgia road, as it meanders 32 chs. and 56 links to the Phill Smith corner then North in Smiths line 5 ch. and 15 links to a stone Then West with Smith line on with the Church lot 7 chs. to a stone, in the center of the Road Then North with Phill Smith line 8 ch. 74 links to the Beginning containing 28 acres more or less.
"Now be it understood in this that the party of the first part makes this deed to his beloved wife Cora Thompson her life time at her death it is to go to Roy Plott and his wife Hattie Plott and their heirs.
"Now be it Remembered that U. J. Thompson of the first part is to hold the above land his life time.
"TO HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said Cora Thompson her heirs and assigns, to her only use and behoof forever.
"And the said U. J. Thompson for his self and his heirs, executors and administrators, covenant with said party of the second part their heirs and assigns, that he is seized of said premises in fee, and have right to convey in fee simple; that the same are free and clear from all incumbrances, and that he does hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever.
"IN TESTIMONY WHEREOF, the said U. J. Thompson have hereunto set his hand and seal, the day and year first above written.
 HIS U. J. (X) THOMPSON MARK "Attest: J. C. MILLER."
It was further stipulated that U. J. Thompson died 7 August, 1932, Cora Thompson, his wife, surviving him. Cora Thompson died 24 August, 1933. She left a son by a former marriage, E. L. Krites, the plaintiff in this action, who is married to Lillian Krites, co-plaintiff, and is the only son and heir at law of Cora Thompson. Roy Plott is not related by blood or marriage to U. J. Thompson, but was reared by the said Thompson, having lived with him until he reached a majority. *Page 681 
It was agreed that both plaintiffs and defendants are claiming under the deed above set out; that defendants are in possession of the property described in the pleadings and have been in possession since the death of Cora Thompson.
Upon the call of the case for trial, plaintiffs and defendants, in open court, waived a jury trial and agreed that the only question involved was a question of law for the court in the interpretation of the aforesaid deed.
Thereupon, Judge Alley, finding the facts, signed judgment for the defendants, and the plaintiffs appealed.
We agree with the construction placed upon the deed by the trial judge.
In the construction of deeds, the Court has endeavored to follow and apply the principles adopted and promulgated in Triplett v. Williams,149 N.C. 394, 63 S.E. 79, rather comprehensively expressed in the rule that such an instrument must be construed from "its four corners" in order that its true intent may be given effect. Seawell v. Hall, 185 N.C. 80, 82,116 S.E. 189. Triplett v. Williams, supra, cites with approval 1 Jones, Real Property, section 568: "The inclination of many courts at the present day is to regard the whole instrument without reference to its formal divisions." With the Triplett case, supra, passed into discard many of the artificial rules and doctrines, which put the construction of deeds of conveyance in a class separate and apart from other instruments to which more liberal rules have been applied for the purpose of ascertaining their intent. Especially, the order in which its different clauses are arranged is not considered of such technical importance as to be controlling against the intent of the deed, when that could be reasonably ascertained by a consideration of the whole instrument. Jones v. Whichard, 163 N.C. 241,79 S.E. 507. Cited with approval in the Triplett case, supra, are the following: "All parts of the deed should be given due force and effect."Doren v. Gillum, 136 Ind. 134, 35 N.E. 1101. "Words deliberately put in a deed, and inserted there for a purpose, are not to be lightly considered or arbitrarily thrust aside." Mining Co. v. Becklenheimer, 102 Ind. 76,1 N.E. 202.
To adopt now the rule that the effect of repugnant clauses in a deed must be determined by their order of precedence — the first expression controlling — and that technical and formal expressions of conveyancing must control at any cost, would be to put the rules of construction back *Page 682 
to the condition which prevailed prior to Triplett v. Williams, supra;Jones v. Whichard, supra, and other cases adopting the more liberal construction canons which put the intent uppermost. The true test is to take all of the provisions together and in the case of an apparent repugnance, to adopt that construction which is most consonant with the intent of the deed; and it cannot be questioned that this intent is not infrequently found in the later expressions of the instrument, and that they are sometimes of a character so impressive as to override the more formal technical expressions in which conveyances are sometimes couched.
In Brown v. Brown, 168 N.C. 4, 84 S.E. 25, we find the expression:
"Words deliberately put in a deed and inserted there for a distinct purpose are not to be lightly considered or arbitrarily thrust aside, the discovery of the intention of the parties being the first and main object in view; and when it is ascertained, nothing remains to be done but to execute it without excessive regard for merely technical inaccuracies or formal division of the deed."
In the deed under consideration, inserted after the conveyance clause and description of the property, we have the following rather impressive statement:
"Now be it understood in this that the party of the first part makes this deed to his beloved wife Cora Thompson her life time at her death it is to go to Roy Plott and his wife Hattie Plott and their heirs.
"Now be it Remembered that U. J. Thompson of the first part is to hold the above land his life time."
At this point the intention to give to Cora Thompson a life estate and to Roy Plott and his wife, Hattie Plott, the remainder in fee we think is obvious. Since U. J. Thompson predeceased his wife, Cora Thompson, we need not consider the apparent reservation of a life estate to him.
There was nothing in the opinion or dissenting opinion in Jefferson v.Jefferson, 219 N.C. 333, 13 S.E.2d 745, indicating a tendency to depart from the rule of construction laid down in the Triplett case supra. Applying this rule to the construction of the deed under review and considering it as a whole, we get the distinct impression that it is expressive of the intention of the grantor, U. J. Thompson, to give the Roy Plott and Hattie Plott, defendants in this action, a fee simple remainder following the life estates to himself and wife, and this would hold to be its legal effect.
It therefore follows, under the stipulations upon which the trial was had, that the defendants are now the owners in fee.
The judgment of the court below is
Affirmed. *Page 683