Dale R. GIERHART and Tammy L. Gierhart, Appellants–Plaintiffs,

v.

CONSOLIDATED RAIL COR-PORATION–CONRAIL, Appellee–Plaintiff.

No. 17A03–9503–CV–097.

Court of Appeals of Indiana.

Oct. 10, 1995.

Transfer Denied March 7, 1996.

John C. Grimm, Grimm & Grimm, P.C., Auburn, for Appellants.

J. Michael O'Hara, Anthony M. Stites, Barrett & McNagny, Fort Wayne, for Appellee.

## OPINION

GARRARD, Judge.

Dale and Tammy Gierhart sued Consolidated Rail Corporation (Conrail) for damages after their daughter was struck and killed by a train at a railroad crossing. They now appeal the trial court's entry of summary judgment in favor of Conrail based upon a release.

The release, which Conrail pleaded as an affirmative defense and upon which it sought summary judgment, was signed by the Gierharts and a representative of Conrail and was witnessed by David Hayes, a family friend of Gierharts. As expressly found by the trial court, the release (a) was captioned "General Release", (b) stated it was "in full satisfaction", (c) stated it was made "without any other agreement, promise or representation", (d) stated the Gierharts "release and forever discharge" Conrail, (e) stated that it released "all claims ... of every kind whatsoever" against Conrail, (f) stated it "is a full and final release", (g) stated that the Gierharts had read it, and (h) stated the Gierharts "understood it to be a complete and final release". In exchange for the release Conrail paid to Gierharts Seven Thousand Dollars ($7000). The check in payment stated on its face that it was "in settlement of claim for personal injuries and death sustained by Stephanie Kaye Gierhart at Butler, Indiana on February 4, 1992".

In response to Conrail's motion for summary judgment Gierharts filed a motion seeking to reform the release. Affidavits filed in support of their motion and in opposition to summary judgment asserted that the payment and release were only intended to cover the funeral and burial expenses. It appears that they were first contacted by Conrail the day after the tragedy and that the release was given and the check delivered a week later. Gierharts assert that they stated they would not sign the release if it would prevent them from taking other action against Conrail and that they received assurances from the agent that the release covered only funeral expenses and would not prevent them from taking additional action against Conrail. They assert that they then signed the release without reading it and accepted the check. The funeral expenses totaled $6902.50.

The trial court initially found a genuine issue of fact existed which might entitle Gierharts to avoid the release and denied Conrail's motion for summary judgment. The court ordered the Gierharts to promptly disaffirm the release and return the $7,000 consideration paid if they wished to avoid the effect of the release. *See, e.g., Prall v. Indiana National Bank* (1994) Ind.App., 627 N.E.2d 1374; *Monnier v. Central Greyhound Lines* (1955) 125 Ind.App. 672, 129 N.E.2d 800 (to avoid effect of release, it must be promptly disaffirmed *in toto* and restoration must be made of all consideration received.)

A month after that order Conrail again moved for summary judgment, and two months after that the court found that no restoration of consideration had been tendered and granted summary judgment in favor of Conrail.

Gierharts acknowledge that Indiana law requires that to avoid a release they must tender back the consideration received and that they have not done so. They argue that they are not trying to avoid the release, but merely to reform it to apply solely to the funeral and burial expenses. The point is a nice one since typically reformation contains no condition precedent that before seeking it a party must restore any benefits received. Upon the facts presented here, however, the Gierharts may not prevail.

■ We recognize that Indiana decisions provide that an instrument may be reformed when due to mutual mistake of fact the document does not express the agreed intent of the parties or when one party executes the document and the other party acts fraudulently or inequitably while having knowledge of the other's mistake. *Roszell v. Roszell* (1887) 109 Ind. 354, 10 N.E. 114; *Sharp v. Jones* (1986) Ind.App., 497 N.E.2d 593.

■ On the other hand, a long line of Indiana authority has held that reformation may only be had for mistake of fact. It is not available for a mistake of law. *Heavenridge v. Mondy* (1875) 49 Ind. 434; *Urban Hotel Management Corp. v. Main and Washington Joint Venture* (1986) Ind.App., 494 N.E.2d 334; *Shoe v. Heckley* (1922) 78 Ind.App. 586, 134 N.E. 214.

■ Additionally, we note that the Seventh Circuit, applying Indiana law, in *Holly Stores v. Judie* (7th Cir.1950) 179 F.2d 730 has correctly observed that equity should not intervene and courts should not grant reformation where the complaining party failed to read the instrument, or, if he read it, failed to give heed to its plain terms.

■ The clear and definite terms of the release executed by the Gierharts provided that it was a full and final release. There has been no showing that words were inserted which were agreed to be left out, or that words were omitted which were agreed to be inserted. The mistake on the part of Gierharts, to the extent that there was one, was a mistake of law as to the effect of the agreement, and reformation is not available to correct a mistake of law. They might have been able to avoid the release by tendering back the consideration they had received, but they chose not to do so. The court did not err in granting summary judgment.

Affirmed.

HOFFMAN and ROBERTSON, JJ., concur.