**William W. MOORE–BEY,**
**Plaintiff–Appellant,**

v.

**Conrado DELROSARIO, et al.,**
**Defendants–Appellees.**

No. 00–2461.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 17, 2001 *.

Decided Oct. 17, 2001.

Before Hon. CUDAHY, Hon. RIPPLE, Hon. WILLIAMS, Circuit Judges.

ORDER

William Moore–Bey, an Indiana prisoner, sued under 42 U.S.C. § 1983, alleging that various medical personnel and prison officials violated his Eighth Amendment rights against cruel and unusual punishment by inadequately treating him after he fell in an inmate shower. The district court dismissed his complaint, concluding that Mr. Moore–Bey's claims were time-barred and violated the terms of a settle-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ment agreement in which Mr. Moore–Bey released any and all claims against the defendants arising from his incarceration. Mr. Moore–Bey appeals the dismissal, arguing that the district court should have tolled the statute of limitations and that the release does not apply to his present claim. We affirm.

## Background

Mr. Moore–Bey originally filed this § 1983 suit in August 1996, alleging that the defendants violated his Eighth Amendment rights by providing him with inadequate medical treatment after he fell in an inmate shower while incarcerated in the Maximum Control Complex of the Indiana State Prison. Mr. Moore–Bey alleged various instances of inadequate medical treatment, ranging from improper transportation to his cell immediately after the fall to inadequate dental care over the following months.

The district court dismissed the lawsuit in January 1997 based on its mistaken belief that Mr. Moore–Bey had not paid the initial partial filing fee. Eight months later Mr. Moore–Bey moved for reconsideration under Federal Rule of Civil Procedure 60(b), and the district court denied the motion as untimely. While Mr. Moore–Bey appealed the denial, he and the State of Indiana settled three separate and unrelated cases in which he released the state of Indiana, the Indiana Department of Corrections, and their officers, agents, and employees from liability for any claims resulting from his incarceration. In addition to specifying three cases to be settled, the release used broad language to discharge all claims against the defendants:

> I, William W. Moore–Bey ... do hereby release, acquit, and forever discharge the State of Indiana, the Indiana Department of Correction, and their offi-cers, agents and employees, including but not limited to all persons named as defendants in the lawsuits listed below, from any and all actions, causes of action, claims and demands, costs, loss of services, expenses and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from my incarceration or treatment at the Indiana State Prison or the Maximum Control Complex up to an including the date of this Release, including without limitation all claims that were or could have been raised in the following lawsuits: [Nos. 3:96–CV–635 RM; 3:95–CV–154 RM; and 3:93–CV–278 RM].

The case at issue here was not one of the three cases identified in the release.

In October 1999, ten months after signing the release, Mr. Moore–Bey refiled this case. The district court dismissed the complaint, concluding that Mr. Moore–Bey's claims were untimely and violated the terms of the release. The district court held that the release "in no way precludes [its] application to cases not specifically listed in the release" because "the language of the release includes, but is not limited to, the claims present in the three listed case [sic]."

## Analysis

Mr. Moore–Bey argues that the district court erred when it (1) refused to equitably toll the statute of limitations, and (2) applied the release to his claims in this suit. We need not reach the tolling issue, however, because we conclude that Mr. Moore–Bey released his claims.

At the outset, we note that the district court relied on the actual release—which the defendants had attached to their motion to dismiss—in reaching its decision to dismiss the complaint. Although the dis-

trict court acknowledged that the release was outside the pleadings, it nonetheless stated that it would deal with the release in the context of a motion to dismiss. Technically, then, the court considered extraneous submissions, which effectively converted the motion to dismiss into one for summary judgment. *See* Fed.R.Civ.P. 12(c). The district court should have given Mr. Moore–Bey notice of the conversion and an opportunity to respond. *See id; Massey v. Helman*, 259 F.3d 641, 646 n. 8 (7th Cir.2001). This procedural oversight, however, does not require reversal if Mr. Moore–Bey could not have submitted anything to the court that would have created a genuine issue of material fact regarding the release's possible applicability to the claims here. *See Massey*, 259 F.3d at 646 n. 8. In response to the motion to dismiss, Mr. Moore–Bey did submit an affidavit stating that he never intended to release the claims alleged here. Mr. Moore–Bey could not have presented any further evidence to create a genuine issue of fact because, as explained below, the release is unambiguous on its face.

Because settlement agreements and releases are merely contracts between parties and thus governed by state law, *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir.1996), we apply Indiana law to interpret Mr. Moore–Bey's release. Indiana courts interpret releases in the same manner as contracts, and the parties' intentions regarding the purpose of the agreement govern. *OEC–Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314 (Ind.1996). When the language of a release is unambiguous, courts determine the parties' intent from the four corners of the document. *Wedzeb Enters., Inc. v. Aetna Life and Cas. Co.*, 570 N.E.2d 60, 64 (Ind.Ct.App.1991). A release is ambiguous "only if a reasonable person could find its terms susceptible to more than one interpretation." *Stemm v. Estate of Dunlap*, 717 N.E.2d 971, 975 (Ind.Ct.App.1999).

The release between Mr. Moore–Bey and the State of Indiana covers "any and all actions ... in any way growing out of any and all known and unknown personal injuries and property damages resulting or to result from [Mr. Moore–Bey's] incarceration or treatment ... up to and including the date of this Release." Such a general release with "any and all" language is clear and unequivocal. *See Pierce v. Atchison, Topeka and Santa Fe Ry. Co.*, 65 F.3d 562, 568 (7th Cir.1995) ("any and all" language is "not ambiguous"). No reasonable person could find the "any and all" language susceptible to more than one interpretation, even when as here the "any and all" language appears with a list of three specific cases to be settled. *See Gierhart v. Consol. Rail Corp.–Conrail*, 656 N.E.2d 285, 286–87 (Ind.Ct.App.1995) (holding that a release is unambiguous when it uses the phrase "all claims ... of every kind whatsoever" to specify which claims are released). Furthermore, Mr. Moore–Bey's release emphasizes that it is "without limitation" and is "not limited to all persons named as defendants in the lawsuits listed."

But Mr. Moore–Bey argues that the release covers only official-capacity claims because it repeatedly refers to the "State of Indiana" and "their employees and agents." As a result, Mr. Moore–Bey argues, he is free to sue the defendants in their individual capacities. This argument is without merit, however, because according to the complaint, Mr. Moore–Bey sued the defendants in their dual capacities, and the plain language of the release does not limit it to official capacity suits. *See Estate of Spry v. Greg & Ken, Inc.*, 749 N.E.2d 1269, 1275 (Ind.Ct.App.2001) ("our state will not interpret a contract to mean something other than what its plain language provides"); *see also Pekarsky v. Ariyoshi*, 695 F.2d 352, 354 (9th Cir.1982)

(holding that when a release does not specify the defendants' capacities, the most reasonable construction is that the release refers to both official and individual capacities). Furthermore, if the release discharged the defendants in only their official capacities, then its terms would be meaningless because the Eleventh Amendment bars federal suits for damages against state officers in their official capacities. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir.2000); *Candlelight Prop., LLC v. MHC Operating Ltd. P'ship*, 750 N.E.2d 1, 17 (Ind.Ct.App.2001) ("we make all attempts to construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless").

AFFIRMED.